BARTHOLOMEW GEORGE ADAMS, PLAINTIFF-RESPOND-
ENT, v. THE COUNTY OF ATLANTIC, A MUNICIPAL
CORPORATION OF THE STATE OF NEW JERSEY,
DEFENDANT-APPELLANT.

Argued February 3, 1948—Decided September 3, 1948.

For the defendant-appellant, *Edmund C. Gaskill, Jr.,* and *Abraham Rosenberg.*

For the plaintiff-respondent, *Coulomb, McAllister & Hunter*.

The opinion of the court was delivered by

FREUND, J.  The appellant, County of Atlantic, appeals from the entry of a summary judgment in favor of the respondent, rendered in the Atlantic County Circuit Court, which struck the appellant's answer and separate defenses, and ordered the entry of summary judgment for the respondent.  Prior thereto the appellant moved to strike respondent's complaint, which motion was denied, *Adams* v. *County of Atlantic*, 25 *N. J. Mis. R.* 291.  The instant appeal is from the refusal to grant the motion to strike the complaint, the granting of the motion to strike the answer and the entering of summary judgment.

The complaint alleges that the respondent was employed as an investigator in the office of the Prosecutor of the Pleas of Atlantic County.  On September 29th, 1941, respondent enlisted in the New Jersey State Guard and continued in the service of the New Jersey State Guard until October 29th, 1942, when he resigned and was honorably discharged.  The following day, October 30th, 1942, he received his commission as a lieutenant in the State Guard and continued as a lieutenant until April 19th, 1943.  On November 27th, 1942, he enlisted in the United States Naval Reserve and was assigned to inactive duty.  On April 14th, 1943, he was notified to report for active service in the United States Naval Reserve and was informed that before entering on such duties he would be required to resign his commission as lieutenant in the New Jersey State Guard.  On April 19th, 1943, he submitted his resignation dated March 30th, 1943, from the New Jersey State Guard.  On April 20th, 1943, at the Custom House in Philadelphia, respondent was assigned to active duty in the United States Naval Reserve and from then until June 22d, 1945, he continued in the active service of the United States Naval Reserve, on which latter date he was honorably discharged therefrom.

Respondent further alleges that from May 6th, 1943, to June 22d, 1945, he was in the active service of the United

States Naval Reserve and for that period of time he is entitled to be paid by the appellant the difference in the amounts he received as salary or compensation while in the active service of the United States Naval Reserve and the amount of salary or compensation he would have received had he remained and continued in his employment as investigator in the prosecutor's office, amounting to the sum of $2,067.03.

Subsequent to the denial of the appellant's motion to strike the complaint, the appellant filed its answer and separate defenses, and *inter alia* alleged that "plaintiff has neither a statutory nor common law right to receive payment of any monies from the defendant under the facts as alleged in his complaint" and that "plaintiff was not a member of the New Jersey State Guard * * * at the time he allegedly entered into active service with the United States Naval Reserve" and that "plaintiff resigned from the New Jersey State Guard prior to entering upon active service with the United States Naval Reserve, his said resignation having been accepted by the Governor of the State of New Jersey as of a date prior to the plaintiff's alleged service in the United States Naval Reserve" and that "the New Jersey State Guard was not called into active military service by the United States either individually or *en masse*. * * *"

The respondent then served notice of motion to strike the appellant's answer and defenses, which motion was granted and summary judgment was entered in favor of the respondent.

The respondent concedes that he has no common law right to receive the salary differential and rests his claim exclusively upon *R. S.* 38:12–4 and 5. The sole question presented by this appeal is the construction of these statutes. The applicable statutory provisions read as follows:

"*R. S.* 38:12–4. Leave of absence for state and municipal employees without loss of pay; additional to regular vacation.

"All officers and employees of this State or of any county or of any municipality in the State or of any board or commission of the State or of any county or municipality who are members of the National Guard, naval militia or New Jersey State Guard shall be entitled to leave of absence from

their respective duties without loss of pay or time on all days during which they shall be engaged in field training or other duty ordered by the Governor.

"Leave of absence for military or naval duty shall be in addition to the regular vacation allowed to such employees by the State, county or municipal law, ordinance, resolution or regulation." As amended, L. 1941, ch. 109, p. 251, § 23.

"R. S. 38:12–5. Salary to equal loss suffered while on active service.

"During the absence of any such officer or other employee, mentioned in section 38:12–4 of this title, on active service with the army or navy of the United States or any other organization affiliated therewith, such person shall receive such portion of his salary or compensation as will equal the loss he may suffer while on such active service."

The two sections of the statute as enacted are under the heading entitled "Privileges and Immunities," and we are of the opinion that both sections are related and must be read together. From a study of R. S. 38:12–4 and 5, it clearly appears that R. S. 38:12–4 permits a leave of absence without loss of pay or time to public employees "who are members of the National Guard, naval militia or New Jersey State Guard," and who are "engaged in field training or other duty ordered by the Governor," but there is no reference in this section to salary differential. However, R. S. 38:12–5 provides for payment of salary differential to public employees "who are members of the National Guard, naval militia or New Jersey State Guard" during absence "on active service with the army or navy of the United States or any other organization affiliated therewith."

The New Jersey State Guard was organized and maintained pursuant to R. S. 38:5–1, et seq., for services to be performed within the State of New Jersey during the time the National Guard of the state was in active federal service. The State Guard was separate and distinct from the National Guard and naval militia, and was not to be called or ordered into the military service of the United States. Members of the State Guard could be called for training and duty "necessary to defend the State." R. S. 38:12–4 provides for "leave

of absence for state and municipal employees without loss of pay" in addition to regular vacation allowed such persons, when "engaged in field training or other duty ordered by the Governor." Obviously, the legislature enacted *R. S.* 38:12–5 to include public employees who were members of any of the three units or organizations named in *R. S.* 38:12–4 and who were absent on active service with the military forces of the United States. The pertinent statute requires that in order to receive the benefits thereof one must be a public employee, a member of one of the units or organizations mentioned in *R. S.* 38:12–4 and on active service with the army or navy of the United States.

It should be pointed out that respondent resigned from the State Guard prior to his entry into the United States Naval Reserve, so that when he was on active service with the United States Reserve he was not a member of any one of the three units or organizations named in *R. S.* 38:12–4.

Generally, statutes of the character under consideration would be liberally construed in favor of the citizen who volunteers his services in time of war, but it is not the judicial function to add beneficiaries to those specified in the statutes. The specification of who shall benefit and under what conditions is a legislative function. Our function is to construe the statute as written and to interpret the legislative intent, but we cannot under the guise of interpretation extend a statute to include persons not intended. We must regard the statutes as meaning what they say and avoid giving them any construction which would distort their meaning. We have no legislative authority and should not construe statutes any more broadly nor give them any greater effect than their language requires. *O'Neil* v. *Johnson,* 99 *N. J. L.* 317; *Cooper* v. *State Board,* 114 *Id.* 10; *affirmed,* 115 *Id.* 115; *Camden* v. *Local Gov. Board,* 127 *Id.* 175; *Alex. Hamilton Hotel* v. *Board of Review,* 127 *Id.* 184; *Singer Sewing Machine Co.* v. *New Jersey Unemployment,* 128 *Id.* 611; *affirmed,* 130 *Id.* 173; *Norton* v. *State Board of Tax Appeals,* 134 *Id.* 57; *City Affairs Committee* v. *Department of Taxation,* 134 *Id.* 198.

Since there is no common law right to recover, the respondent must show the statutory authority by which he is entitled to recover and that he qualified under such authority. We are satisfied that the respondent does not qualify for the salary differential under the statutory provisions aforesaid.

The judgment of the court below is reversed.

*For affirmance*—Donges, Wells, Dill, Schettino, JJ. 4.

*For reversal*—The Chancellor, Chief Justice, Bodine, Heher, Wachenfeld, Eastwood, Freund, McLean, JJ. 8.