This matter in the first instance comes on upon information in the nature of a quo warranto filed by the plaintiff, to dispute the title of defendant Borrella in and to the position of Police and Fire Surgeon of the City of Trenton.
The action was originated in the then New Jersey Supreme Court on May 26, 1948, and because of factual questions to be determined, by order dated July 7, 1948, the matter was referred to me in the then Mercer Circuit for a determination of the issues of fact. Thereafter the matter was brought before the Superior Court of New Jersey, Appellate Division, and referred on October 11, 1949, to this Court for a determination of both law and fact.
Counsel have by stipulation together with depositions submitted the matter and have now filed their briefs.
The Civil Service Commission was requested to hold a competitive examination to determine eligibles for appointment to the office of Police and Fire Surgeon of the City of Trenton. The Commission listed an announcement of said examination in its Bulletin with announced closing date for filing application for this examination, said date being September 15, 1947. The announcement Bulletin of the Civil Service Commission which listed the announced closing date for filing applications for the particular examination contained general information and instructions as follows:
"A disabled veteran is a veteran receiving or entitled to receive compensation for service-connected disability from World War service. Proof of such disability must be established with the Commission on or before the announced closing date of the examination. If an applicant has a claim pending before the Veterans Administration at the time of filing for an examination, he should specifically indicate this fact on the application blank, Item No. 16. If the claim for 10% or more disability is granted, the applicant must submit proof to the Civil Service Commission before the employment list is promulgated in order to obtain disabled veterans preference."
Although it is unnecessary to this decision, I take the above quoted instruction to be a promulgation entirely consonant withR.S. 11:27-1 (infra) and one which was designed to *Page 560 
relieve a difficult situation which existed, that of the unavoidable delays which the veteran encountered at the agency where he was to establish his claim for disability.
Since the purpose of Civil Service is "to provide a modern personnel system for positions in the classified service," (R.S. 11:4-1), to this end the Civil Service Commission can exercise not only such authority as is legally conferred by express provisions of law but also "such as is by fair implication and intendment incident to and included in the authority expressly conferred for the purpose of carrying out and accomplishing the objects for which the commission was created." (City of Newark v. Civil Service Commission, 115 N.J.L. 26.)
Both the plaintiff and the defendant were applicants for this office and filed for the aforesaid examination. Plaintiff's application stated that he was a disabled veteran; defendant's application, entered September 15, 1947, had no such notation. I find as a fact then that defendant, having failed to state a claim pending, could not avail himself of the foregoing.
However, shortly thereafter it was noted by another on defendant's application that he had a claim pending with the Veterans' Administration for disability, the nature of said disability being stated. On January 16, 1948, defendant was notified that the Veterans' Administration had awarded him a disability, retroactive from September 29, 1947. On February 3, 1948, the examination was held and the gradings were promulgated on April 16, 1948, with the final result that defendant placed highest on the examination and he was appointed to the office now in dispute.
Plaintiff contends that he was the only applicant who was a "veteran with a record of disability incurred in line of duty" and therefore his name should have been placed at the top of the employment list pursuant to the statutes. He bases his contention upon R.S. 11:27-1. The real question raised is, whether a certain section of this statute sets forth a requirement which constitutes a condition precedent to be met by Civil Service applicants who are veterans and who intend to claim credit for a service-incurred disability. It is argued *Page 561 
by the plaintiff that the statute is clear in its terms in setting forth a requirement which defendant failed to satisfy. Defendant contends that the statute, being social in character, must be liberally construed so as not to defeat the true intention of the legislation.
The fourth paragraph of R.S. 11:27-1, wherein certain terms are defined, reads as follows:
"`Veteran with a record of disability incurred in line of duty' means any veteran as hereinafter defined who is eligible under the United States veterans' bureau qualifications for compensation for service-connected disability from World War service or who is receiving or who is entitled to receive equivalent compensation for service-connected disability arising out of such other military or naval service hereinafter defined, and has presented to the Civil Service Commission of New Jersey full and convincing evidence of such record of disability incurred in line of duty on or before the announced closing date for filing applications for a particular examination."
R.S. 11:27-3 then implements the above as follows:
"Veterans with a record of disability incurred in line ofduty, as herein defined in section 11:27-1 of this title
(italics mine), who shall receive a passing rating in competitive examinations or tests as herein provided for entrance into the public service, shall be placed at the top of the employment list in the order of their respective final ratings."
I can find no reason to doubt that R.S. 11:27-1, supra,
sets forth a positive and well defined condition which must be satisfied by any veteran applicant who wishes to claim a service-incurred disability. Such an applicant must, by said statute, have "presented to the Civil Service Commission of New Jersey full and convincing evidence of such record of disability incurred in line of duty on or before the announced closing datefor filing applications for a particular examination." (Italics mine.) Being mindful that the quoted section is found in the definition portion of Title 11, Chapter 27, dealing with veteran preference in Civil Service, it cannot be said that the Legislature intended these definitions to be read and construed in the light of other statutes — they were set apart and defined thusly to forestall any such interpretation. As said by Justice Perskie, for the Court of Errors and *Page 562 
Appeals in Zietko v. New Jersey Manufacturers Casualty InsuranceCo., 132 N.J.L. 206, at page 211,
"Under such circumstances, the elementary rule is that there is no reason or occasion for judicial construction. For the words are presumed to evince or express the legislative intent."
It is urged by the defendant that this is social legislature and should be so construed as to give effect to the undoubted intention of the Legislature in providing preferences for certain veterans. No one would question the mandatory requirement upon the part of a court to follow and to follow gladly such a rule if a proper application was here presented. However, such is not the present situation. A recent case decided by the Court of Errors and Appeals, Adams v. Atlantic City, 137 N.J.L. 648, atpage 652, on September 3, 1948, held in the opinion by Freund, J.,
"Generally, statutes of the character under consideration would be liberally construed in favor of the citizen who volunteers his services in time of war, but it is not the judicial function to add beneficiaries to those specified in the statutes. The specification of who shall benefit and under what conditions is a legislative function. Our function is to construe the statute as written and to interpret the legislative intent, but we cannot under the guise of interpretation extend a statute to include persons not intended. We must regard the statutes as meaning what they say and avoid giving them any construction which would distort their meaning. We have no legislative authority and should not construe statutes any more broadly nor give them any greater effect than their language requires."
I must determine this to be the applicable rule and to be controlling and dispositive of the instant case.
Defendant, having failed to comply with the condition set out by R.S. 11:27-1, was not entitled to be placed first on the Civil Service list. From the proofs made in this matter, plaintiff was entitled to be placed first on the aforesaid list having received a passing grade in the examination and being fully entitled, as a disabled veteran under the provisions ofR.S. 11:27-3, to preference over defendant and one Dr. Horovitz who was erroneously listed in second position on *Page 563 
the same list. The last two named applicants must appear second and third respectively on the list in conformity with R.S.
11:27-5, their status being veterans without a disability proven at the announced closing date of application for examination.
I am willing to confess that there has been some tugging within myself in arriving at this determination. However, it must be remembered that both the parties are veterans with records "of disability incurred in line of duty."
Plaintiff complied with the statutory requirements and the conditions of the Bulletin of the Civil Service Commission. Defendant did not. While the defendant did obtain a higher grade in the examinations, this may not and should not of itself permit him to circumvent the requirements of the statutes enacted primarily for these truly deserving veterans.
The plaintiff is entitled to a judgment of ouster as against the defendant.
A form of judgment on notice may be submitted. No costs, however, to be allowed.