9 N.J. Super. 287 (1950)
76 A.2d 25
JACOB J. BELFER, PLAINTIFF-RESPONDENT,
v.
D. DONALD BORRELLA, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 9, 1950.
Decided October 25, 1950.
*288 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Nathan N. Schildkraut argued the cause for the plaintiff-respondent (Messrs. Kahn & Schildkraut, attorneys).
*289 Mr. Frank I. Casey argued the cause for the defendant-appellant.
The opinion of the court was delivered by EASTWOOD, J.A.D.
The issue here is whether the defendant-appellant, D. Donald Borrella, complied with the provisions of P.L. 1947, p. 214, § 1 (R.S. 11:27-1), at the time he filed his application to take a competitive examination for the office of Police and Fire Surgeon of the City of Trenton. The Superior Court, Law Division, held that he did not and Dr. Borrella appeals from that judgment.
The matter originated in the former Supreme Court upon an information in the nature of a quo warranto filed by the plaintiff, disputing the title of defendant to the office in question. Subsequently, by agreement of the parties, the issue was tried both as to law and fact before the Superior Court, Law Division.
Complying with the request of the appointing authority of the City of Trenton, the Civil Service Commission (hereinafter referred to as "the Commission"), announced and held a competitive examination to determine those eligible for the appointment. The plaintiff and defendant were among those who applied for the appointment and took the examination, which was listed by the Commission in a published bulletin, fixing September 15, 1947, as the closing date for filing applications. The plaintiff, Dr. Belfer, a disabled veteran of World War II, filed his application on August 28, 1947, and submitted therewith proof of his record of disability incurred in the line of duty as required by P.L. 1947, p. 214, § 1; R.S. 11:27-1. The application of defendant, also a veteran of World War II, was dated and filed September 15, 1947. In response to two of the questions thereon: "Were you wounded or disabled in the line of duty?" and "Are you now receiving compensation or pension?" the defendant stated: "No." An employee of the Commission made several notations in ink on the defendant's application, among which he indicated that the defendant had a claim pending for an injury to his left hand which had been incurred during his *290 service in World War II in line of duty. The defendant's disability compensation claim was filed with the United States Veterans Administration on September 28, 1947. On January 16, 1948, the Veterans Administration awarded disability compensation to the defendant effective as of September 29, 1947. The examination was held on February 3, 1948, and thereafter the Commission certified the first three eligibles in the following order: Doctors D. Donald Borrella, George T. Horovitz and Jacob J. Belfer. On that certification, the appointing authority selected the defendant and the oath of office was administered to him on April 16, 1948, whereupon the plaintiff instituted the ouster proceedings.
Defendant contends that he was eligible for compensation for a service-connected disability from World War service and having been so certified by the Commission, he was properly and lawfully entitled to hold and possess the disputed office. Plaintiff contends that in view of defendant's failure to comply with the pertinent provision of R.S. 11:27-1, the Commission erroneously placed defendant's name at the top of the list of eligibles certified to the appointing authority; that, in fact, of the first three eligibles, plaintiff was the only one who had presented to the Commission on or before the announced closing date, full and convincing evidence of his disability incurred in line of duty, and that he was entitled, therefore, to preferential treatment under the statute.
The pertinent portion of the statute (R.S. 11:27-1), applicable to the issue here, reads as follows:
"`Veteran with a record of disability incurred in line of duty' means any veteran as hereinafter defined who is eligible under the United States veterans' bureau qualifications for compensation for service-connected disability from World War service or who is receiving or who is entitled to receive equivalent compensation for service-connected disability arising out of such other military or naval service hereinafter defined, and has presented to the Civil Service Commission of New Jersey full and convincing evidence of such record of disability incurred in line of duty on or before the announced closing date for filing applications for a particular examination."
P.L. 1946, p. 837, § 3; R.S. 11:27-3, directs that preference shall be given to disabled veterans receiving a passing rating in competitive examinations or tests, viz.:
*291 "Veterans with a record of disability incurred in line of duty, as herein defined in section 11:27-1 of this Title, who shall receive a passing rating in competitive examinations or tests as herein provided for entrance into the public service, shall be placed at the top of the employment list in the order of their respective final ratings."
The defendant argues that the statute sets up two classes of eligibles: one embracing a veteran who is receiving compensation for a service-connected injury, and the second, one who is entitled to receive such compensation. Dr. Borrella concedes that he was not receiving compensation on the closing date for filing applications, but asserts that he was entitled to receive such benefits and thus comes within the second classification. However, unfortunately for the defendant, under the circumstances here, the applicable statute does not provide that preference be given to a veteran who is merely entitled to such compensation. To obtain the benefit of the statute, the law clearly provides that on or before the announced closing date for filing applications, the applicant must present to the Commission "full and convincing evidence of such record of disability incurred in line of duty." This he failed to do.
The defendant argues further that his application was filed with the Commission on September 6, 1947, and that one of its representatives noted thereon: "DV," "6 Sept 47," "injury to left hand" and "Pending see LJR." How it could have been filed on September 6th, when it is dated September 15th, is difficult to comprehend. Assuming, arguendo, that the defendant had an application for disability compensation pending at the time he filed his application for the examination, that did not satisfy the requirements of the statute. As a matter of fact, no such application was pending  the defendant stipulates that it was not filed with the Veterans Administration until September 28, 1947. The record is barren of any proof that the defendant presented the required proof of his disability to the Commission on or before the announced closing date for the filing of applications for the examination. In fact, it is apparent from the stipulation entered into by the parties before the Law Division, that Dr. Borrella was not in any position at that time to present such *292 full and convincing evidence. The defendant stipulated that if he were to take the stand, he would testify to the following:
"Early in September of 1947, he made inquiry at the Veterans' Service Bureau, which was maintained and operated by the Municipalities of Mercer County in the War Memorial Building, Trenton, regarding his disability claim resulting from the injury sustained while he was in the Service. He was advised by that Office to procure documentary evidence from fellow officers who knew of his injury. It was difficult to ascertain the whereabouts of said officers because of their changes of address since he had last seen them in the Army. Coincidentally, shortly thereafter, he heard from one of the officers and he immediately communicated with him to ascertain the addresses of officers who had either personally observed the injury he had sustained or who had professionally treated it, so that he could thereby supply the aforementioned documentary evidence which had been requested.
"Realizing that his correspondence with his fellow officers might require a relatively long period of time to obtain the requested information, in the prevailing situation as it then existed upon further inquiry, he was advised that if he desired to expedite his matter, he should go personally to the Veterans Administration Headquarters in Newark and fully explain the circumstances of his case. On September 28, 1947, he visited the Veterans Administration Headquarters in Newark and explained all of the foregoing facts and circumstances and on that date filed his application for disability."
Defendant urges that we consider the statute in question as social legislation and as such, we should construe it to effectuate the legislative intention. Regardless of what may be the unfortunate result to the defendant, the Commission is a statutory tribunal and possesses no jurisdiction except that which is expressly conferred by statute. Maguire v. VanMeter, 121 N.J.L. 150 (E. & A. 1938). The statute here is clear and unambiguous. To ascertain the legislative intent, the courts will take into consideration the state of the existing law at the time the statute under scrutiny was enacted. Burke v. Kenny, 9 N.J. Super. 160 (App. Div. 1950), at p. 165. The 1938 act (P.L. 1938, c. 381, p. 955  R.S. 11:27-13) required that the disabled veteran, in order to qualify for the preference in question, "shall have established proof of such disability on or prior to the date of any test held by said commission" (italics ours), whereas, under the 1947 amendatory act (P.L. 1947, c. 63, p. 214, § 1  R.S. 11:27-1), it imposed upon the veteran the duty of presenting *293 to the Commission "full and convincing evidence of such record of disability incurred in line of duty on or before the announced closing date for filing applications for a particular examination." The proofs here clearly establish that the defendant failed to comply with the pertinent provision of the 1947 act. The action of the Commission in placing defendant's name at the top of the list of eligibles certified to the appointing authority was, therefore, clearly in derogation of the statute. Nor could the Commission exceed the statutory power reposed in it by promulgating regulations or taking action contrary to the clear legislative intendment. "Where the legislative purpose is expressed in unmistakable language, it must be enforced by the courts as it is written, without regard to its wisdom or utility." Baader v. Mascellino, 116 N.J. Eq. 126 (E. & A. 1934). The limitation on the exercise by the Commission of its statutory authority is pertinently discussed in Newark v. Civil Service Commission, 115 N.J.L. 26 (Sup. Ct. 1935), wherein Mr. Justice Heher stated:
"The judgment of the civil service commission cannot be sustained. This body is a creature of statute; its powers are special and limited, and it can exercise only such authority as is legally conferred by express provisions of law, or such as is by fair implication and intendment incident to and included in the authority expressly conferred for the purpose of carrying out and accomplishing the objects for which the commission was created. Any reasonable doubt of the existence of any particular power in the commission should be resolved against the exercise of such authority."
The function of the court is "to construe the statute as written and to interpret the legislative intent, but we cannot under the guise of interpretation extend a statute to include persons not intended. We must regard the statutes as meaning what they say and avoid giving them any construction which would distort their meaning. We have no legislative authority and should not construe statutes any more broadly nor give them any greater effect than their language requires." Adams v. Atlantic County, 137 N.J.L. 648 (E. & A. 1948).
The judgment of the Law Division is affirmed, without costs.