109 N.J. Super. 442 (1970)
263 A.2d 785
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WILLIAM LEONARDO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 9, 1970.
Decided March 30, 1970.
*443 Before Judges KILKENNY, LABRECQUE and LEONARD.
Mr. James A. Palmieri argued the cause for appellant.
Mr. Edward C. Laird, Assistant Prosecutor, argued the cause for respondent (Mr. Joseph P. Lordi, Essex County Prosecutor, attorney).
The opinion of the court was delivered by LEONARD, J.A.D.
Defendant appeals a judgment of conviction by the County Court for being under the influence of a barbiturate (N.J.S.A. 2A:170-77.8), entered following a trial de novo upon an appeal from the municipal court. Defendant was sentenced to the county penitentiary for six months.
On January 19, 1968 defendant was apprehended by Bloomfield Patrolman DeMasi at approximately 6:45 P.M. At that time defendant and another man were slumped over in the front seat of an automobile. DeMasi nudged defendant, who thereupon stared and mumbled but never answered the question as to what was wrong. The officer then recognized him as a registered narcotic addict. Defendant was placed under arrest and searched. The search revealed a small plastic cannister containing three white pills with the letters CIBA on them.
*444 At or about 7:15 that evening defendant was examined by Bloomfield police surgeon Galioto at the police station. The physician testified that defendant was under the influence of Doriden, a drug similar in its action to phenobarbital, a barbiturate. The drug induces narcosis and sleep and is usually prescribed at bedtime. Defendant told the doctor that he had taken two pills that day, the last one at 5 P.M.
Upon arriving at headquarters Patrolman DeMasi called the proprietor of the drug store and the doctor whose names appeared on the container. He ascertained that a prescription issued to defendant by a Dr. Moretti had been filled the night before for 15 pills.
Defendant took the stand and admitted having the pills pursuant to a prescription given to him by his physician, Dr. Moretti. He conceded that although the prescription was for one at bedtime, he had taken two during the day of his arrest. He testified that his doctor told him that he could take the drug during the day as a tranquilizer. However, Dr. Moretti, who was treating defendant for a gastric neurosis and a nervous condition, testified that he told him that he could take no more than a half of a tablet during the day.
In attempting to account for the 15 pills defendant testified that in addition to the 2 he had taken, 3 were in the container, 1 1/2 were found in the car and 8 1/2 were at his home at the time of his arrest. At the trial he produced an envelope containing 8 1/2 pills.
The trial judge was not impressed with defendant's testimony. From all of the evidence the judge found there was no basis for a conclusion that the pills in the envelope were the same as were in the original prescription bottle, and it was more plausible that defendant had during the day taken a good many of the 12 tablets that were missing from the bottle. Accordingly, the judge concluded that the State had sustained its burden of proving that defendant was under the influence of the drugs.
*445 Defendant on this appeal does not challenge the trial judge's factual finding as to the amount of pills he consumed. Rather, he advances the legal argument that a person is entitled to an acquittal of being a disorderly person for using or being under the influence of a prescription legend drug in violation of N.J.S.A. 2A:170-77.8, if it appears that he obtained the drugs on the valid prescription of a duly licensed physician. In support of this argument he asserts that there is nothing in the statute which states that only the proper and prescribed dosage must be taken. Thus, he contends now, as he did below, that having obtained the drugs pursuant to such a valid prescription, he was entitled to an acquittal, even though he consumed them in excess of the prescribed dosage.
N.J.S.A. 2A:170-77.8 in its present form provides:
Except as hereinafter provided, any person who uses or is under the influence of, or who possesses or has under his control, in any form, any depressant or stimulant drug as defined pursuant to law or any other prescription legend drug, which is not a narcotic drug within the meaning of chapter 18 of Title 24 of the Revised Statutes, unless obtained from, or on a valid prescription of, a duly licensed physician, veterinarian or dentist, is a disorderly person.
In a prosecution under this act, it shall not be necessary for the State to prove that the accused did use or was under the influence of any specific drug or drugs, but it shall be sufficient for a conviction under this act for the State to prove that the accused did use or was under the influence of some drug or drugs as aforesaid by proving that the accused did manifest physical and physiological symptoms or reactions caused by the use of any such drug. [Emphasis added]
The original section, passed in 1962, in its pertinent part provided:
Except as hereinafter provided, any person who possesses or has under his control, in any form, amphetamine, barbiturate, barbital, hypnotic or somnifacient drugs, tranquilizers or any prescription legend drug which is not a narcotic drug within the meaning of section 24:18-2 of the Revised Statutes, unless obtained from, or on a valid prescription of, a duly licensed physician, veterinarian or dentist, is a disorderly person. [L. 1962, c. 113]
*446 In 1964 the original section was amended to add the italicized words noted below.
Except as hereinafter provided, any person who uses or is under the influence of, or who possesses or has under his control, amphetamine, barbiturate, barbital, hypnotic or somnifacient drugs, tranquilizers, or any prescription legend drug, in any form, which is not a narcotic drug within the meaning of section 24:18-2 of the Revised Statutes, unless obtained from, or on a valid prescription of, a duly licensed physician, veterinarian or dentist, is a disorderly person.
The 1964 amendment also added the second paragraph.
In 1966 a more inclusive general classification of the prohibited drugs was substituted for those previously enumerated.
From this statutory history it is clear that the Legislature in 1962 originally sought only to make illegal possession or control of a legend drug, other than narcotics, disorderly conduct. It is equally as clear that at the same time it also sought to except from this illegality, possession of such drugs as were "obtained from or on a valid prescription of, a duly licensed physician, veterinarian or dentist." This act made no reference to any offense other than possession or control. However, in 1964 the Legislature extended the scope of the act by also making one who uses or is under the influence of these drugs a disorderly person. At that time, the above-noted exception from guilt  if obtained upon a valid prescription  was allowed to remain in the same language as before. Likewise, no change was made in that clause when the act was last amended in 1966.
Thus, under N.J.S.A. 2A:170-77.8, as it presently exists, a person who possesses or has under his control legend drugs, or is using them, or is under the influence thereof, is not guilty of being a disorderly person if he obtained the drugs on a valid prescription of a duly licensed physician, veterinarian or dentist. As defendant points out, there is no statutory language which restricts the exception from guilt *447 to the person who uses or consumes these drugs in accordance with the prescribed dosage.
To the contrary, N.J.S.A. 2A:170-8, which solely pertains to "using or being under the influence of a narcotic drug," provides:
Any person who uses or who is under the influence of any narcotic drug, as defined in article 1 of chapter 18 of Title 24 of the Revised Statutes (Food and Drugs), the uniform narcotic drug law, for a purpose other than the treatment of sickness or injury as prescribed or administered by a person duly authorized by law to treat sick and injured human beings, is a disorderly person.
In a prosecution under this chapter, it shall not be necessary for the State to prove that the accused did use or was under the influence of any specific narcotic drug or drugs, but it shall be sufficient for a conviction under this chapter for the State to prove that the accused did use or was under the influence of some narcotic drug or drugs * * * by proving that the accused did manifest physical and physiological symptoms or reactions caused by the use of any narcotic drug. [Emphasis added]
The original narcotic statute passed in 1951 (L. 1951, c. 330) contained the exact language as the present act except it was limited to any person who "uses" the drug. In 1957 N.J.S.A. 2A:170-8 was amended to make one who is "under the influence of" a narcotic drug also a disorderly person and to add the second paragraph as above quoted.
It is to be noted that the alternative language, "uses" or "is under the influence of" as used in the narcotic statute, is apparently synonymous since "being under the influence of" was added merely to cover an offender who had used or consumed the drug in another jurisdiction. State v. Reed, 34 N.J. 554, 567 (1961).
Insofar as narcotic drugs are concerned, the Legislature since 1951 has excepted from guilt as a disorderly person solely the individual who uses or consumed the drug for the treatment of sickness or injury "as prescribed or administered." This language makes it very clear that any person who uses or consumes a narcotic drug in excess of the prescribed dosage would be guilty of the offense even though *448 he might have obtained possession thereof upon a valid prescription.
Thus, it appears that when the Legislature originally adopted N.J.S.A. 2A:170-77.8 in 1962 and amended it in 1964 and 1966 it was familiar with the specific limiting language previously used in 1951 and 1957 in N.J.S.A. 2A:170-8 and it could have used it if desirable, but it chose not to do so.
We cannot extend the language of a statute beyond that used by the Legislature. State v. Carbone, 38 N.J. 19, 24 (1962). A penal statute must be strictly construed and will not be held to create a liability not clearly fixed by the words of enactment. Neeld v. Giroux, 24 N.J. 224, 229 (1957). Before one can be punished under such a statute, the condemned act must be plainly and unmistakably within the statute. State v. Caez, 81 N.J. Super. 315, 319 (App. Div. 1963). Any doubt as to the meaning thereof should be resolved in favor of a defendant. State v. Wean, 86 N.J. Super. 283, 289-91 (App. Div. 1965).
As much as it may be desirable, we cannot hold under these circumstances that the entire statutory scheme of this State relating to narcotics and dangerous drugs establishes that the Legislature intended the omitted words to be included in N.J.S.A. 2A:170-77.8. Rather, we must construe this statute to prohibit solely the possession, use of, or being under the influence of legend drugs which are not obtained pursuant to a valid prescription. We cannot extend its meaning to cover the using of or being under the influence of such drugs as a result of consuming them in excess of the dosage set forth in the prescription. It does not comport with sound legislative construction to require that the aforementioned express language of N.J.S.A. 2A:170-8 be implied in N.J.S.A. 2A:170-77.8.
Our interpretation does not destroy the efficacy of N.J.S.A. 2A:170-77.8. It does not hinder the prosecution thereunder of the multitude of persons who are not medically ill and possess, use or become under the influence of surreptitiously-obtained *449 legend drugs. Any undesired defect in this act must be corrected by the Legislature and not by the judiciary.
A reading of the second paragraph of N.J.S.A. 2A:170-77.8 does not mandate the opposite construction. This section  there is a similar section contained in N.J.S.A. 2A:170-8  was placed in the statute to relieve the State from the difficult burden of proving the exact drug which the defendant has taken. It does not purport to define unlawful conduct and cannot be read to make excessive use unlawful.
Although this issue is not before us, query, does N.J.S.A. 2A:170-77.8 exempt a person who uses a legend drug or is under the influence thereof which he obtained for his pet animal upon a valid prescription of a veterinarian?
The judgment of conviction is reversed and the matter is remanded to the County Court for the entry of a judgment in accordance herewith.