148 N.J. Super. 369 (1977)
372 A.2d 680
STATE OF NEW JERSEY, PLAINTIFF,
v.
TONY GILFESIS, DEFENDANT.
Superior Court of New Jersey, Camden County Court.
March 4, 1977.
*370 Mr. Fred Solar, Assistant County Prosecutor, for State of New Jersey (Mr. Thomas J. Shusted, Prosecutor of Camden County, attorney).
Mr. Thomas G. Heim for defendant (Mr. Michael N. Kouvatas, Esquire, attorney).
TALBOTT, J.C.C.
This is an appeal from a conviction in the Haddonfield Municipal Court. Defendant was found guilty of operating a motorized bicycle (a moped) while under the influence of alcohol, in violation of N.J.S.A. 39: *371 4-50(a). The court imposed the statutory penalty for the first offense. Defendant was also found guilty of violating a local ordinance. That conviction is not before this court. Defendant appeals only the conviction of driving while under the influence. The matter is before the court on a trial de novo on the record below. The court has disregarded certain items sent by the Clerk of the Haddonfield Municipal Court as they were not in evidence.
The facts as revealed by the testimony are as follows. Defendant was found by police sitting at the side of Hopkins Lane in Haddonfield, holding a can of beer. His motorized bicycle was parked next to him. According to police testimony, defendant tried numerous times to get up but kept falling down. He was told not to operate his moped. Eventually, defendant managed to get on his moped and he then proceeded to drive it toward the police officers who were standing approximately 75 feet away. Defendant appeared to have no control over the vehicle and was driving "from side to side all over the road." He had to be physically stopped by one of the police officers. Defendant was subsequently taken to the police station and charged with operating a motor vehicle while under the influence of intoxicating liquor, in violation of N.J.S.A. 39:4-50(a). He refused to take a breathalyzer test or do any balance test. However, based upon testimony that his speech was slurred, he could not stand without assistance, he hollered and was generally uncooperative, there was expert opinion rendered by the police officer that he was intoxicated. On cross-examination the police officer said that defendant had been stopped on numerous occasions when he was on his moped and drinking heavily.
In addition to the transcript of the proceedings below, the court has reviewed the municipal judge's opinion in which he concluded after careful analysis that N.J.S.A. 39:4-50 is applicable to the operator of a motorized bicycle through N.J.S.A. 39:4-14.1 and N.J.S.A. 39:4-14.3 (c).
*372 The question before this court is whether one who is under the influence of alcohol and driving a moped can be found guilty of violating N.J.S.A. 39:4-50. That specific statute must be construed.
N.J.S.A. 39:4-50 provides in pertinent part:
A person who operates a motor vehicle while under the influence of intoxicating liquor * * * shall be subject [to a fine, imprisonment, loss of license].
Is a motorized bicycle a motor vehicle within the meaning of this statute? Initially it must be noted that prior to 1975 a "motor vehicle" was defined as including "all vehicles propelled otherwise than by muscular power, excepting such vehicles as run only upon rails or tracks," and a "motorcycle" included "motorcycles, motor bikes, bicycle with motor attached and all motor operated vehicles of the bicycle or tricycle type, whether the motor power be a part thereof or attached thereto, and having a saddle or seat with driver sitting astride or upon it, or a platform on which the driver stands." N.J.S.A. 39:1-1.
In 1975 the Legislature amended the relevant passages of N.J.S.A. 39:1-1 to include a new class of vehicles, motorized bicycles as distinguished from motorcycles. A "motorized bicycle" was defined as "a pedal bicycle having a helper motor characterized in that the maximum piston displacement is less than 50 c.c. rated no more than 1.5 brake horsepower and capable of a maximum speed of no more than 25 miles per hour." At the same time a "motor vehicle" was redefined as including "all vehicles propelled otherwise than by muscular power, excepting such vehicles as run only upon rails or tracks and motorized bicycles." In addition, the 1975 amendment provided for a new section, N.J.S.A. 39:4-14.3, subsection (c) of which provides that "Regulations applicable to bicycles shall apply whenever a motorized bicycle is operated upon any public road or upon any path set aside for the exclusive use of motorized bicycles."
*373 Because of the language in subsection (c), the municipal judge believed it necessary to analyze the general statute on bicycles. He noted that N.J.S.A. 39:4-14.1, entitled, "Rights and duties of persons on bicycles," states that
Every person riding a bicycle upon a roadway shall be granted all the rights and shall be subject to all of the duties applicable to the driver of a vehicle by chapter four of Title 39 of the Revised Statutes and all supplements thereto except as to those provisions thereof which by their nature can have no application.
From this he reasoned that if N.J.S.A. 39:4-50 were considered to be of such a nature as to be applicable to the regulation of bicycles, it would also be applicable to motorized bicycles. An analogy was also made between mopeds and the relatively recent snowmobile legislation in which N.J.S.A. 39:4-50 was specifically incorporated and made applicable to the operation of snowmobiles. N.J.S.A. 39:3C-30. This lead the municipal judge to conclude that when the Legislature recognized and separately defined motorized bicycles, it believed that the existing statutes could adequately regulate their operation without the need of additional specialized regulations. He therefore concluded that the statutory language justified a conviction for operating a motorized bicycle while intoxicated.
This court respectfully disagrees. Any analysis should begin with N.J.S.A. 39:4-50, since that is the specific offense with which the defendant is charged. Where there is a seeming conflict between a general statute and a specific statute covering the subject directly, the latter must prevail over the former. Kingsley v. Wes Outdoor Advertising Co., 55 N.J. 336 (1970). A statute dealing with a particular subject ordinarily controls, in contrast to a broad or undifferentiated statute generally encompassing the same area. East Orange v. Livingston Tp., 102 N.J. Super. 512 (Law Div., 1968), aff'd 54 N.J. 96 (1969); State, by Highway Com'r v. Dilley, 48 N.J. 383 (1967).
*374 By its language, N.J.S.A. 39:4-50 applies to motor vehicles. Prior to 1975 a motorized bicycle, coming within the definition of a motorcycle, would have been classified as a motor vehicle. By the 1975 amendment, however, motorized bicycles were specifically excepted from the definition of motor vehicles. The purpose of the amendment, as stated in the Statement to Assembly Bill 1071, June 23, 1975, was to "enable New Jersey residents to have similar privileges as residents of several other states, Canadian provinces, and many nations of the world as regards the purchasing and operation of such bicycles."
Since the Motor Vehicle Act is penal in nature, a violation of its provisions results in a prosecution of a quasi-criminal action. State v. Cooper, 129 N.J. Super. 229 (App. Div. 1974). It is well settled that penal statutes are to be strictly construed against the State. The condemned act must be plainly and unmistakably within the statute and any doubt as to the meaning of the statute must be resolved in favor of a defendant. State v. Wean, 86 N.J. Super. 283 (App. Div. 1965).
The Legislature's inclusion of N.J.S.A. 39:4-50 by reference in the snowmobile statute indicates its recognition of the problems and dangers inherent in the operation of snowmobiles. There is no indication that similar considerations were given to the operation of mopeds. Should the Legislature find that the same problems and possible dangers exist with respect to the operation of motorized bicycles, it could likewise incorporate N.J.S.A. 39:4-50 into special regulations governing their operation. Courts have no such legislative authority and should not construe statutes more broadly or give them any greater effect than their language requires. Belfer v. Borrella, 9 N.J. Super. 287 (App. Div. 1950). Rather, the judiciary is to construe the legislation within its terms  not to arrive at a given solution to the matter in controversy but to guide the public as to what the law is and to show the Legislature certain problems in its execution so that it may better construct the *375 law if it chooses. Bialkowski v. Bor. of Ridgefield, 118 N.J. Super. 354 (Law Div. 1972), aff'd 120 N.J. Super. 194 (App. Div. 1972).
There appears to be no case law in this or other jurisdictions regarding the application of driving under the influence statutes to the operation of mopeds. Therefore, in the absence of any guidance from the Legislature or the case law, N.J.S.A. 39:4-50 must be strictly construed against the State and in favor of the defendant. Since it cannot be said that N.J.S.A. 39:4-50 "plainly and unmistakably" applies to motorized bicycles, defendant's conviction under the statute must be set aside.