190 N.J. Super. 348 (1982)
463 A.2d 403
THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
MICHAEL TEHAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Law Division Somerset County.
Decided December 23, 1982.
*349 Earl R. Ross for defendant-appellant (Earl Ross Associates, attorneys).
Lawrence D. Cirignano, Legal Assistant to the Prosecutor, for the State of New Jersey (Nicholas L. Bissell, Jr., Somerset County Prosecutor, attorney).
MEREDITH, J.S.C.
This appeal from the Municipal Court of Bedminster Township presents the novel issue of the applicability of New Jersey's drunk driving statute, N.J.S.A. 39:4-50, to operators of bicycles. The function of this court in hearing an appeal from a *350 municipal court is to try the case de novo on the record, and to exercise independent judgment in the matter of sentence. State v. States, 44 N.J. 285, 293 (1965).
The record reveals that defendant was leaving his place of employment after having worked a portion of the day at a horse show. He had visited the open bar on the premises and stipulates that he was intoxicated to such a degree that had he driven a motor vehicle, the drunk driving statute would apply. As he exited the driveway on his bicycle, he kicked over some traffic cones. The police officers stationed at the exit called to him to return and on his way back he belligerently kicked over another cone. The officers started to arrest defendant for disorderly conduct, but a scuffle broke out between defendant and the officers. They wrestled on the ground, and there was some indication that defendant may have bitten the hand of an officer and that he may have placed his hand on the officer's gun. Defendant was subdued, handcuffed, and taken to a patrol car.
Four charges against the defendant resulted from these events: simple assault, a violation of N.J.S.A. 2C:12-1 a(1); disorderly conduct, a violation of N.J.S.A. 2C:33-2; resisting arrest, a violation of N.J.S.A. 2C:29-2; and driving while under the influence of alcohol, a violation of N.J.S.A. 39:4-50. The assault charge was dropped and defendant entered pleas of guilty to disorderly conduct and resisting arrest. After a hearing defendant was found to be guilty of driving under the influence, and was fined $250.00. In addition, his driving privilege was revoked for a period of nine months, to run consecutively to his current revocation for another unidentified offense.
No case has been located dealing with the applicability of the drunk driving statute to operators of bicycles. A detailed analysis of the statutes regarding motor vehicles and bicycles is therefore necessary.
The definitional section of the motor vehicle laws defines the term "motor vehicle" to include "all vehicles propelled otherwise *351 than by muscular power, excepting such vehicles as run only upon rails or tracks and motorized vehicles." N.J.S.A. 39:1-1. The term "vehicle" is defined to include "every device in, upon or by which a person or property is or may be transported upon a highway, excepting devices moved by human power or used exclusively upon stationary rails or tracks or motorized bicycles." Ibid. "Motorized bicycle" is also defined in the section, but the only definition of "bicycle" appears at N.J.S.A. 39:4-14.5, as part of an act requiring certain safety equipment on bicycles before rental or sale. N.J.S.A. 39:4-14.4 et seq.
Bicycles are covered by the motor vehicle laws by virtue of the operation of Article 3 of Chapter 4, which is the Traffic Regulation chapter of Title 39. N.J.S.A. 39:4-10 et seq. The rights and duties of persons on bicycles are defined in N.J.S.A. 39:4-14.1 as follows:
Every person riding a bicycle upon a roadway shall be granted all of the rights and shall be subject to all of the duties applicable to the driver of a vehicle by chapter four of Title 39 of the Revised Statutes and all supplements thereto except as to those provisions thereof which by their nature can have no application.
Regulations applicable to bicycles shall apply whenever a bicycle is operated upon any highway or upon any path set aside for the exclusive use of bicycles subject to those exceptions stated herein.
In addition, N.J.S.A. 39:4-14.2 requires operators of bicycles to ride as near to the right side of the roadway as practicable; to ride no more than two abreast; and to use bicycle paths where they are provided. The penalty provision cited by the defense as applicable here, that is, N.J.S.A. 39:4-14.8, is a part of the act requiring safety equipment noted above and is not of general application to violations of the traffic laws.
Because of contradictory decisions by the courts, N.J.S.A. 39:4-14.3g was enacted specifically to provide that operators of motorized bicycles were covered by the penalties for operation under the influence of intoxicants spelled out in N.J.S.A. 39:4-50. Operators of motorized bicycles are required under N.J.S.A. 39:4-14.3 to be at least 15 years of age and to possess "a valid driver's license of any class or a motorized bicycle license." *352 N.J.S.A. 39:4-14.3c and -14.3d. Such licenses are issued after the applicant successfully completes an examination as to his ability to operate a motorized bicycle.
Bicycles are not mentioned in the act which subjects operators of motorized bicycles to the penalties of the drunk driving statute. The central question, then, is whether those penalties apply to operators of bicycles by virtue of N.J.S.A. 39:4-14.1, the statute defining the rights and duties of persons on bicycles.
The duty imposed by N.J.S.A. 39:4-50 is to refrain from operating a motor vehicle when intoxicated. The presence on the roadways of intoxicated persons on bicycles may not entail the same degree of danger as the presence of drunken drivers of automobiles or other motor vehicles. However, the drunken operator of a bicycle may create situations endangering both himself and others on the roads. He might, for example, swerve into traffic, cross the line into oncoming traffic, or fall in the path of traffic. Therefore, the operator of a bicycle is under an obligation to stay off the roads when intoxicated.
Unlike the operation of motor vehicles or motorized bicycles, however, the operation of a bicycle is an unlicensed activity. Under N.J.S.A. 39:4-14.1, the operator of a bicycle is "subject to all of the duties applicable to the driver of a vehicle ... except as to those provisions ... which by their nature can have no application." The penalty under N.J.S.A. 39:4-50, insofar as it requires the forfeiture of the right to operate a motor vehicle, by its nature can have no application to violations involving the operation of bicycles. As noted by the municipal court judge, defendant is not prevented by a conviction of drunk operation of a bicycle from operating his bicycle on the roads. Since no licensing system exists for bicycles, and no statutory provision indicates that the right to use the roads may be denied a bicyclist, there simply is no way to prevent a drunken bicyclist from repeating his offense.
The punishment must fit the crime. The revocation of a driver's license or of the right to obtain such a license does not *353 fit the offense of drunken operation of a bicycle. Therefore, the penalty under N.J.S.A. 39:4-50, insofar as it involves a revocation of a license, does not apply to offenses under that section involving the operation of bicycles. The penalties concerning fines, community service, and incarceration do apply to bicycle cases, since there is nothing in their nature which would make them inapplicable.
The judgment of guilty is therefore affirmed, as is the fine of $250.00. The nine-month revocation of defendant's driver's license or privilege to obtain a license is reversed.