203 N.J. Super. 436 (1985)
497 A.2d 242
STATE OF NEW JERSEY, PLAINTIFF,
v.
DAVID JOHNSON, DEFENDANT.
Superior Court of New Jersey, Law Division (Criminal), Cumberland County.
Decided April 25, 1985.
*437 Betsy Phillips, Assistant Prosecutor for State (Kenneth A. Pagliughi, Prosecutor, Cumberland Cty.)
Wayne J. Bober for defendant (Gruccio, Pepper, Giovinazzi, Butler, DeSanto & Mann, attorneys).
SERATA, J.S.C.
This is an appeal of a conviction under N.J.S.A. 39:4-50 in the Deerfield Township Municipal Court. The defendant was convicted of operating a pedal bicycle while under the influence of an intoxicating liquor. The defendant does not deny his intoxication, rather he questions whether the operation of a pedal bicycle falls within the purview of N.J.S.A. 39:4-50.
*438 On October 18, 1984, the defendant, David Johnson, was stopped by a New Jersey State Trooper and issued a summons for operating a motor vehicle while under the influence of an intoxicating liquor in violation of N.J.S.A. 39:4-50. At the time of the stop, Johnson was operating a non-motorized Huffy pedal-type bicycle. On January 14, 1985, in Deerfield Township Municipal Court, the defendant was found guilty and fined $1,000. In addition, the defendant was required to serve 90 days in the county jail and perform 90 days of community service. The defendant has appealed his conviction to this Court.
The State cites State v. Tehan, 190 N.J. Super. 348 (1982), wherein a trial court determined that bicycle operators may be charged with violations of N.J.S.A. 39:4-50. This Court is not bound by the Tehan decision for it is settled law in New Jersey that absent an appellate decision, trial court precedent is not obliged to be followed. Lackovic v. New England Paper Tube Co. Inc., 127 N.J. Super. 394 (L. 1974). In addition, this Court believes that Tehan is not a decision upon which reliance and the ordering of affairs can be based. Smith v. Brennan, 31 N.J. 353 (1968). Alternative pre-existing legislation exists to adequately deal with the hazards posed by drunken pedal-cyclists and therefore any extension of the statute is unnecessary.
The statute under which the defendant was charged, N.J.S.A. 39:4-50, states in pertinent part:
A person who operates a motor vehicle while under the influence of intoxicating liquor, narcotic, hallucinogenic or habit forming drugs or operates a motor vehicle with a blood alcohol concentration of.10% or more by weight of alcohol in the defendant's blood or permits another who is under the influence of intoxicating liquor, narcotic, hallucenogenic or habit forming drug to operate a motor vehicle owed by him or in his custody or control or permits another to operate a motor vehicle with a blood alcohol concentration of .10% or more by weight in the defendant's blood shall be subject .... to penalty.
As the defendant has admitted his intoxication at the time of operation, the focus of this review centers on the term, "motor vehicle". The term "motor vehicle" as used in the *439 drunken driving legislation is defined precisely and unambiguously in N.J.S.A. 39:1-1:
Motor vehicle includes all vehicles propelled otherwise than by muscular power, excepting such vehicles as run only upon rails or tracks and motorized bicycles. [emphasis supplied].
As this definition specifically excludes from the term "motor vehicle" any vehicle operated by muscular power, the statute does not directly deal with bicycles moved by human power. This Court must then read the remaining applicable definitions and statutes in sui generis or in pari materia to determine if there is any evidence of a plan or scheme by the Legislature, to include bicycles powered by muscular power, within the parameters of the statute. After an exhaustive review of over 10 pages of definitions applicable to motor vehicle laws, this Court decides that there is no scheme or plan which includes the bicycle as a motorized vehicle.
In the course of its review this Court has scrutinized the detailed and technical definitions applicable to vehicles of all classes and has found it to be clearly apparent from the plain language of the statute that the muscular powered bicycle is not to be included. A review of pertinent definitions found in N.J.S.A. 39:1-1 lend support to this position.
A motor vehicle is defined by N.J.S.A. 39:1-1 as follows:
As used in this subtitle, unless other meaning is clearly apparent from the language or context, or unless inconsistent with the manifest intention of the Legislature: ...
"Automobile" includes all motor vehicles except motorcycles.
........
"Motorized bicycle" means a pedal bicycle having a helper motor characterized in that either the maximum piston displacement is less than 50 cc. or said motor is rated at no more than 1.5 brake horsepower and said bicycle is capable of a maximum speed of no more than 25 miles per hour on a flat surface. "Motorcycle" includes motorcycles, motor bikes, bicycles with motor attached and all motor-operated vehicles of the bicycle or tricycle type, except motorized bicycles as defined in this section whether the motive power be a part thereof or attached thereto and having a saddle or seat with driver sitting astride or upon it or a platform on which the driver stands. "Motorcycle" shall not include any three-wheeled motor vehicle equipped with a cab enclosing the occupant, seats *440 similar to those of a passenger vehicle or truck, seat belts, automotive steering and two rear wheels.
"Motor-drawn vehicle" includes trailer, semitrailers, or any other type of vehicle drawn by a motor-drive vehicle.
"Motor vehicle" includes all vehicles propelled otherwise than by muscular power, excepting such vehicles as run only upon rails or tracks and motorized bicycles.
....
"Vehicle" means every device in, upon or by which a person or property is or may be transported upon a highway, excepting devices moved by human power or used exclusively upon stationary rails or tracks or motorized bicycles. [emphasis supplied].
It is apparent that these examples show in unambiguous fashion that the Legislature, in defining a motorized vehicle, meant or intended only those vehicles propelled by non-muscular power to be covered. (In fact, given a strict construction of the statute a bicycle is not a vehicle under the applicable laws.) The Legislature has at length, differentiated between various types of vehicles. It is not the function of this Court to supplement or amend that which the Legislature has taken great pains to formulate. It is the role of this Court to enforce the Legislature's pronouncement; not to substitute its judgment for that of the Legislature.
In Tehan the court, however, extended the legislative intent of the statute to include a bicycle under the term "Motor vehicle". Next, the operator of this "motor vehicle" was found guilty of driving while under the influence of an intoxicating liquor, in violation of N.J.S.A. 39:4-50. Finally, the court imposed a penalty upon the defendant that did not include the mandatory revocation of the operator's license as required by statute. The court stated that as the operation of a bicycle is not the type of operation that would require a license, it would be improper to suspend the defendant's license. Nowhere in N.J.S.A. 39:4-50 does the Legislature provide for this type of exception nor does it give this or any court the discretion to make an exception. For the purposes of continuity and uniformity of execution it would appear that all defendants charged under this section should be treated similarly. It *441 seems inconsistent, at best, that a court that would strain judicial interpretation to include a bicycle as a motor vehicle would not impose upon the operator the same penalties that any other motor vehicle operator would be subject to by the clear meaning of the statute. Although this Court is diametrically opposed to the result, it would have been more consistent if the Tehan court would have revoked the operator's license in addition to the other penalties.
The courts of this State have consistently held that it is not the role of the judiciary to extend the language of a statute beyond that which has been legislated. More important, as this is a penal statute and carries with it the possibility of some deprivation:
It must be strictly construed and will not be held to create liability not clearly fixed by the words of the enactment. Before one can be punished under a statute, the condemned act must be plainly unmistakably within the statute. Any doubt as to the meaning thereof should be resolved in the favor of the defendant. State v. Leonardo, 109 N.J.Super 442 (A.D. 1970).
The need to restrict the judicial branch of government from engaging in legislating has existed since the founding of this nation. As Justice Schreiber stated in his dissenting opinion in Newark Firemen's Mutual Benevolent Assoc. v. City of Newark, 90 N.J. 44 (1982), at p. 56:
No exercise of judicial power is more suspect than the Court's substitution of its judgment for that of the Legislature on a matter that is inherently legislative. When the Court engages in that exercise, it places the judiciary in the paradoxical position of violating the constitutional safeguard of separation of powers. Judicial activism that operates to subvert that principle serves to undermine the confidence of the public in the entire judicial process. Because today's decision does just that, I am impelled to dissent. My colleagues ignore the plain legislative intent and substitute their wisdom for that of the Legislature.
Courts should adhere to the Legislature's language when it is plain, unambiguous and uncontrolled by other statutory provisions, when that reading is not absurd and when it is in conformity with the purposes of the legislation. See Renz v. Penn Central Corp., 87 N.J. 437, 440 (1981); In re Jamesburg High School Closing, 83 N.J. 540, 547 (1980); 2A Sands, Sutherland Statutory Construction § 46.01 (4th ed. 1973).
The Legislature has seen fit to amend its original pronouncement in this area several times, i.e., N.J.S.A. 39:3C-30, snowmobiles. *442 If it is the intention of the Legislature that a bicycle be included as a motor vehicle and its operator subject to penalties for driving while intoxicated, then it is also the responsibility of the Legislature to make that clear.
In the municipal court transcript there is also evidence that the prosecutor and the municipal judge viewed N.J.S.A. 39:4-14.1 as controlling the issue in this case. N.J.S.A. 39:4-14.1 provides:
Every person riding a bicycle on a roadway shall be granted all the rights and shall be subject to all the duties applicable to the driver of a vehicle, by Chapter 4, Title 39 of the revised statutes and all supplements thereto, except to those provisions thereof which by their nature can have no application.
This Court is not swayed by this reasoning. Our Supreme Court in Kingsley v. Wes Outdoor Advertising Co., 55 N.J. 336 (1970), stated, "When there is a conflict between a general and a specific act on the same subject, the latter shall prevail." Since it is the opinion of this Court that N.J.S.A. 39:4-50 is inapplicable to bicyclists and the same statute and its definitional sections are the most specific legislative thought on the subject, it is the decision of this Court that the conviction for violation of 39:4-50 must be reversed.
Counsel for the defendant will submit an appropriate order.