227 N.J. Super. 279 (1988)
546 A.2d 1099
STATE OF NEW JERSEY, PLAINTIFF,
v.
DANIEL MACHUZAK, DEFENDANT.
Superior Court of New Jersey, Law Division Somerset County.
Decided April 18, 1988.
*280 Nicholas L. Bissell, Jr. for plaintiff, State of New Jersey (Somerset County Prosecutor, attorney).
Mary E. Deal, for defendant.
PAUL T. MURPHY, J.S.C.
The defendant, Daniel Machuzak, was convicted in the Municipal Court, Montgomery Township, for driving while intoxicated in violation of N.J.S.A. 39:4-50. The statute under which defendant was convicted, N.J.S.A. 39:4-50, provides that a person who operates a motor vehicle while intoxicated shall be subject to penalty, including fines, community service, imprisonment and revocation of license. At the time of his arrest, defendant was operating a nonmotorized, pedal-type bicycle. Defendant appeals his conviction.
*281 A trial de novo was held on April 8, 1988. This Court reserved decision. Defendant does not deny his intoxication, rather the issue before this Court is whether the operator of a pedal bicycle falls within the purview of N.J.S.A. 39:4-50. For authority on this issue, the Court is faced with two conflicting Law Division cases which have not been resolved by any Appellate authority. Those cases are State v. Tehan, 190 N.J. Super. 348 (Law Div. 1982) and State v. Johnson, 203 N.J. Super. 436 (Law Div. 1985). Each of these decisions comes to a different conclusion.
Absent an appellate court's determination on point, a trial court is not bound to follow the holding of another trial court. Lackovic v. New England Paper Tube Co. 127 N.J. Super. 394 (App.Div. 1974). The State takes the position that State v. Tehan, supra, should be the controlling case for this Court's determination. In Tehan the trial court found that a person who operates a bicycle while intoxicated could be properly convicted under the motor vehicle drunk driving statute, N.J.S.A. 39:4-50, by virtue of the statute defining rights and duties of persons on bicycles. N.J.S.A. 39:4-14.1. The Tehan Court further held that although the penalty of license revocation was inapplicable since bicycling was not a licensed activity, other penalties such as fines, community service and incarceration, set out in the drunk driving statute, could be imposed.
The defendant, on the other hand, relies on State v. Johnson, supra. In that case the trial court refused to follow the Tehan decision, absent legislative authority. The Court in Johnson held that a defendant could not be convicted of operating a motor vehicle while under the influence of alcohol for operating a non-motorized pedal-type bicycle while intoxicated. In coming to this conclusion, the Court "scrutinized the detailed and technical definitions applicable to vehicles of all classes and found it to be clearly apparent from the plain language of the statute that muscular powered bicycles were not to be included" within the purview of N.J.S.A. 39:4-50. Id. at 439.
*282 The Court went on to note that "it is not the role of the judiciary to extend the language of a statute beyond that which has been legislated." Id. at 441; State v. Leonardo, 109 N.J. Super. 442 (App.Div. 1970); Newark Firemen's Mutual Benevolent Assoc. v. City of Newark, 90 N.J. 44 (1982). The Court concluded by stating that "If it is the intention of the Legislature that a bicycle be included as a motor vehicle and its operator subject to penalties for driving while intoxicated, then it is also the responsibility of the Legislature to make that clear." Id. 109 N.J. Super. at 442.
This Court is mindful of the inherent dangers that are posed when a person operates a motor vehicle or a bicycle on a public roadway while intoxicated. However, this Court concurs with the decision in State v. Johnson, supra, in finding that there is no statutory authority to convict the defendant for violation of N.J.S.A. 39:4-50. That statute specifically and unambiguously applies to motorized vehicles only. This is evidenced by the definitions set forth under N.J.S.A. 39:1-1. For example, the term "motor vehicle" is defined as "all vehicles propelled otherwise than by muscular power ..." Likewise, the term "vehicle" is defined to mean "every device in, upon or by which a person or property is or may be transported upon a highway, excepting devices moved by human power ..." Other definitions which support this Court's conclusion that non-motorized bicycles were not intended by the Legislature to fall within the ambit of N.J.S.A. 39:4-50 include the term "motorcycle" defined to include "motorcycles, motor bikes, bicycles with motors attached and all motor-operated vehicles of the bicycle or tricycle type ..." and "motorized bicycle" defined as a pedal bicycle having a motor.
It is abundantly clear to this court that the pertinent definitions found within N.J.S.A. 39:1-1 and used in the drunken driving statute were not intended to apply to non-motorized pedal-type bicycles. This court has no statutory authority to give greater effect to a statute than that which its language *283 requires. Belfer v. Borrella, 9 N.J. Super. 287 (App.Div. 1950). Nor should a court extend a statute to include persons not intended. Belfer, supra at 293.
This Court further concurs with the decision in State v. Johnson, supra, in finding that the defendant cannot be convicted under the drunk driving statute by virtue of N.J.S.A. 39:4-14.1. The condemned act must be plainly and unmistakably within the statute and any doubt as to the meaning of the statute must be resolved in favor of the defendant. State v. Wean, 86 N.J. Super. 283 (App.Div. 1965). It is the Legislature's function, not the Court's, to expand the scope of the Statute beyond the plainly expressed legislative intent. The legislative intent is to be discerned from the language of the Statute and Courts "cannot arbitrarily expand its scope beyond the plainly expressed legislative intent." State v. Wean, supra at 289, citing Dacunzo v. Edgye, 19 N.J. 443, 451 (1955).
Since it is the opinion of this court that N.J.S.A. 39:4-50 is inapplicable to bicyclists, defendant's conviction must be reversed.