Houser, a Minor, Appellant, *v.* Humbel, Appellee.

(No. 1115—Decided November 30, 1945.)

*Mr. Alto W. Brown* and *Mr. J. C. Standen,* for appellant.
*Mr. R. H. Rice,* for appellee.

Doyle, J.  We are called upon in this appeal on questions of law from the Court of Common Pleas of Lorain county to determine the applicability of certain statutes to the relative rights of an equestrian and a motorist at a road intersection.

The appellant herein, while riding a horse in a westerly direction on Ivanhoe road in the village of Sheffield Lake, came into violent collision in the road intersection with an automobile being driven northeasterly on Kenilworth road by the appellee.  The equestrian was seriously injured.

There were no directive signs in the vicinity of the intersection, and neither one of the highways was a main thoroughfare.  The equestrian approached the intersection from the right of the motorist.

A jury returned a verdict in favor of the motorist, and judgment was entered thereon.

Among the errors charged in this appeal is the failure of the court to properly charge the jury on the relative rights and duties of the parties.

In the charge appears the following: .

"The court further charges the jury that as between plaintiff and defendant the one first entering the intersection in a lawful manner and in the exercise of ordinary care would have the right of way over the other at that intersection.

"By right of way is meant the right of traffic to proceed uninterrupted in a lawful manner in the direction in which it is moving in preference to other traffic approaching from a different direction into its path."

The sole question presented in this allegation of error is whether the statutes of this state apply in the same manner to an equestrian and a motorist meeting at an intersection of two roads, neither one of which is a main thoroughfare or controlled by directives, as such statutes do to two motorists meeting at such an intersection.

Section 6307-40, General Code, provides:

"Excepting where otherwise provided the operator of a vehicle, street car or trackless trolley shall yield the right-of-way at an intersection to a vehicle, street car or trackless trolley approaching from the right."

Section 6307-2, General Code, defines "right of way" as follows:

"The right of a vehicle, street car, trackless trolley or pedestrian to proceed uninterruptedly in a lawful manner in the direction in which it or he is moving in preference to another vehicle, street car, trackless trolley or pedestrian approaching from a different direction into its or his path."

There is no question that the above statutes regulate the traffic of automobiles at this intersection, that the driver of an automobile approaching from the left would be required to yield the right of way to a vehicle approaching from the right and that the vehicle approaching from the right would have an ab-

solute right of way, qualified only by the requirement that, in proceeding uninterruptedly, it proceed in a lawful manner. *Morris* v. *Bloomgren,* 127 Ohio St., 147, 187 N. E., 2, 89 A. L. R., 831.

Under the same "uniform traffic act" in which the above statutes appear, also appears Section 6307-5, General Code. It is:

"Every person riding, driving or leading an animal or animals upon a roadway shall be subject to the provisions of this act applicable to the driver of a vehicle, except those provisions of this act which by their nature can have no application."

As we view this statute, it is our judgment that it was the intention of the Legislature to give the same right of way to an equestrian at a road intersection of the kind in question, as it specifically gave to a motorist, and that the provisions of the traffic act above quoted are not such as by their nature can have no application.

The court's failure to instruct on the subject of these preferential rights and its specific charge to the contrary, and the failure to charge properly on the duties of the motorist approaching from the left, we determine to be prejudicially erroneous, and the error pertains both to the question of the claimed negligence of the motorist, as well as to that of the equestrian.

We have examined the other claimed errors, and find none prejudicial.

Judgment reversed for the error above noted, and the cause remanded.

*Judgment reversed.*

WASHBURN, P. J., and STEVENS, J., concur.