THE STATE OF OHIO, APPELLANT, *v.*
SHEPARD, APPELLEE.

(No. C-800188—Decided March 4, 1981.)

*Mr. Richard A. Castellini,* city solicitor, *Mr. Paul J. Gorman,* city prosecutor, and *Mr. James W. Richmond, Jr.,* for appellant.

*Mr. Bruce F. Thompson,* for appellee.

KEEFE, J. On September 30, 1979, at about 3 o'clock in the morning, defendant-appellee, Ronald Shepard, then age 23, was riding his red Schwinn bicycle[1] on Spring Grove Avenue, Cincinnati, Ohio, when he was stopped by Cincinnati police officers. The prosecution and defense stipulated that Shepard was arrested and charged with operating a bicycle while intoxicated in violation of R.C. 4511.19. This statute provides, in pertinent part, as follows:

"No person who is under the influence of alcohol or any drug of abuse, or the combined influence of alcohol and any drug of abuse, shall operate any vehicle, streetcar, or trackless trolley within this state."

Shepard, through counsel, filed a pretrial motion to dismiss the complaint because the operation of the bicycle on which he was riding is not within the scope of R.C. 4511.19. He also filed what was termed a "motion in limine," offered to preclude the state from introducing in evidence the results of the Breathalyzer test given to Shepard at the time of his arrest on September 30, 1979. (Parenthetically, we note that Shepard also filed a demand for trial by jury.)

The trial judge granted both motions and the state has appealed. Although the notice of appeal filed herein includes a challenge to the granting of the motion in limine, appellant has not pursued it in its assignments of error or brief. Thus the in limine ruling is not presently viable in this appeal. The relevant portion of the trial court's opinion reads as follows:

"Section 4511.19, ORC, entitled 'Driving While Intoxicated,' being penal in nature, and Section 4511.01 defining vehicles subject to such penal action, must be construed strictly against the state and liberally in favor of the accused. It is the opinion of the Court that the transgression of the defendant is neither within the spirit or the letter of the law, and all doubt must be resolved in his favor. Having determined that a pedal power only bicycle is not a vehicle within the meaning of Section 4511.19, ORC, the motion to dismiss is well taken.

"Case Dismissed."

R.C. 4511.01 is a definitional statute which includes the following:

"As used in * * * [section 4511.19] of the Revised Code:

"(A) 'Vehicle' means every device, including a motorized bicycle, in, upon, or by which any person or property may be transported or drawn upon a highway, except devices moved by power collected from overhead electric trolley wires, or used exclusively upon stationary rails or tracks, and except devices other than bicycles moved by human power.

"* * *

"(G) 'Bicycle' means every device, other than a tricycle designed solely for use as a play vehicle by a child, propelled solely by human power upon which any person may ride having either two tandem wheels, or one wheel in the front and two wheels in the rear, any of which is more than fourteen inches in diameter."

Our attention is invited to certain other sections of R.C. Chapter 4511, but those sections do not seem pertinent to the fairly circumscribed issue before us.

There are two assignments of error. The first assignment of error claims

---

[1] It was not a motorized bicycle.

trial court error in granting the pretrial motion to dismiss because the judge believed that R.C. 4511.19 is inapplicable to persons operating bicycles while under the influence of alcohol.

We find this assignment to be a valid challenge and sustain it. First and foremost, there is no problem with the public interest in prohibiting persons from operating bicycles on the streets and highways while under the influence of alcohol. R.C. 4511.19, proscribing driving while intoxicated, includes the word "vehicle," and R.C. 4511.01(A) defines that word in such a fashion that a bicycle moved by human power — as in the instant scenario — is included. Moreover, R.C. 4511.01(G) further supports the inclusion of bicycles within the comprehension of the word "vehicle." R.C. 4511.01(A) is, admittedly, no exemplar of lucidity, but it, nevertheless, does incorporate a bicycle moved by human power into the definition of "vehicle." We believe the legislative intent is adequately expressed in this statute and we cannot disregard the obvious import of the language used.

The present definition of vehicle has had an analogue in Ohio statutory law for a long time. According to *Jones* v. *Santel* (1955), 164 Ohio St. 93, 94 [57 O.O. 106] — a bicycle case emanating from Hamilton County — "vehicle" was defined by Section 6307-2 of the General Code as "* * * every device in, upon, or by which any person is or may be transported upon a highway, except devices other than bicycles moved by human power."[2] Bicycles, under the old statute, obviously were not excepted from the concept of "vehicle," just as they are not today under the present R.C. 4511.01(A). To this current statutory definition, the legislature has specifically *added* "motorized bicycle" and specifically *excepted* certain electric trolleys and devices used exclusively upon stationary rails or tracks.

In *Jones* v. *Santel, supra,* at page 94, the Supreme Court recognized that a mounted bicyclist is the operator of a "vehicle," as that word was used in the General Code and is now used in the Revised Code. *Jones* actually included citations for both the General Code and the Revised Code, presumably because the opinion was authored less than two years after the Revised Code became effective.[3]

The prohibitions in R.C. 4511.19 against operating a vehicle while under the influence of alcohol apply to persons operating bicycles while so influenced. Thus the initial assignment of error is meritorious, and we sustain it.

The trial court decided, *inter alia,* that the definition of bicycle in R.C. 4511.01(G) was so vague as not to meet "constitutional standards." The second assignment of error attacks this holding, which seems to us to have been defended only somewhat diffidently by counsel for appellee at oral argument. It was uncontroverted during argument that the determination of unconstitutionality was predicated upon the court's belief that R.C. 4511.01(G) is facially vague. We find that it is not and thus sustain the second assignment of error.

The assignments of error before this court having been ruled upon as herein set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same is reversed to the extent that this appeal excepts to that judgment.

Furthermore, we remand this cause

---

[2] The Revised Code supplanted the General Code in 1953.

[3] The fact that, in *Jones,* the involved party had dismounted from his bicycle — a different situation than the matter *sub judice* — and was found therefore to be a pedestrian, in no way detracts from the Supreme Court's conclusion that if the party had been riding the bicycle he would have been the driver or operator of a vehicle as statutorily defined.

to the court below for further proceedings according to law for the disposition of the R.C. 4511.19 charge pending against Ronald Shepard, the appellee herein.

*Judgment reversed and cause remanded.*

SHANNON, P. J., and DOAN, J., concur.