CITY OF WAUSEON, APPELLANT, *v.* BADENHOP, APPELLEE.

[Cite as Wauseon *v.* Badenhop (1984), 9 Ohio St. 3d 152.]

(No. 83-664—Decided February 15, 1984.)

*Messrs. Barber, Kaper, Stamm & Robinson* and *Mr. Jan H. Stamm,* for appellant.

*Mr. Matthew T. Fitzsimmons,* for appellee.

*Per Curiam.*

## I

The first issue presented is whether the trial court committed plain error, as the court of appeals so found, in suspending appellee's driver's license for operating a farm tractor while intoxicated. This court agrees that appellee's license was improperly suspended.

This determination is premised on the interplay of three code sections—R.C. 4501.01(B), 4507.16, and 4507.03. The trial court suspended appellee's license pursuant to R.C. 4507.16 that provided at the time relevant herein as follows:

"The trial judge of any court of record shall, in addition to, or independent of all other penalties provided by law or by ordinance, suspend for not less than thirty days nor more than three years or revoke the license of any person who is convicted of or pleads guilty to any of the following:

"* * *

"(B) Operating a *motor vehicle* while under the influence of alcohol * * *." (Emphasis added.)

R.C. 4507.03, however, provides that "[n]o person shall be required to obtain an operator's * * * license for the purpose of driving * * * any farm tractor * * * temporarily drawn, moved, or propelled upon the highway."

Moreover, R.C. 4501.01(B) specifically excludes farm tractors from the definition of motor vehicle. This section, in relevant part, defines "motor vehicle" as "* * * any vehicle, including house trailers and recreational vehicles, propelled or drawn by power other than muscular power or power collected from overhead electric trolley wires, *except* * * * *traction engines* * * * and agricultural *tractors* * * *." (Emphasis added.) Correspondingly, a farm tractor is excluded from the definition of "motor vehicle" as set forth in Section 301.20 of the ordinances of Wauseon.[1]

Under both state and local law then, a farm tractor is not a motor vehicle. Inasmuch as R.C. 4507.16(B) provided that a license may be suspended or revoked if one is found or pleads guilty to driving a motor vehicle while intoxicated, and appellee, by definition, was not driving a motor vehicle, his license could not be properly suspended.

In reaching this conclusion, this court is giving plain meaning to the language of the statutes. If the General Assembly intended that one found guilty of driving while intoxicated, even if that person is driving a tractor, be subject to license revocation or suspension, then it is incumbent upon the General Assembly to so provide.

## II

The second issue presented is whether the trial court committed plain error, as the court of appeals so found, in finding appellee guilty of driving a farm tractor while intoxicated pursuant to his plea of no contest. For the reasons that follow, this court holds that the trial court properly found appellee guilty as charged.

As a threshold consideration, this court must determine if one can properly be found guilty of driving while intoxicated when one is driving a farm tractor. Appellee was charged with violating Section 333.01 of the ordinances of Wauseon, which provides in pertinent part as follows:

---

[1] Section 301.20 of the ordinances of Wauseon provides as follows:

"301.20 MOTOR VEHICLE

" 'Motor vehicle' means every vehicle propelled or drawn by power other than muscular power, except motorized bicycles, road rollers, traction engines, power shovels, power cranes and other equipment used in construction work and not designed for or employed in general highway transportation, hole-digging machinery, well-drilling machinery, ditch-digging machinery, farm machinery, trailers used to transport agricultural produce or agricultural production materials between a local place of storage or supply and the farm when drawn or towed on a public street or highway at a speed of twenty-five miles per hour or less, threshing machinery, hay-baling machinery and agricultural tractors and machinery used in a production of horticultural, floricultural, agricultural and vegetable products. (ORC 4511.01(B).)"

"(a) No person who is under the influence of alcohol * * * shall operate *any vehicle* within the Municipality. (ORC 4511.19.)

"(b) No person who is under the influence of alcohol * * * shall be in actual physical control of *any vehicle* within the Municipality." (Emphasis added.)

Pertinently, Section 301.51 of the ordinances of Wauseon defines a "vehicle" as follows:

" 'Vehicle' means every device, including a motorized bicycle, in, upon or by which any person or property may be transported or drawn upon a street or highway, except devices other than bicycles moved by human power. (ORC 4511.01(A).)"

A farm tractor is clearly encompassed within this definition of a vehicle. Thus, under the ordinances of Wauseon, a person driving a farm tractor while intoxicated violates Section 333.01. Inasmuch as appellee's citation specifically indicated, by expressly including the term "farm tractor," that appellee was charged with operating a farm tractor while under the influence of alcohol, this court finds that the citation was valid.[2]

Having determined that appellee could properly be found guilty of driving while intoxicated, under the relevant Wauseon ordinances, this court must next determine whether the trial court properly accepted appellee's plea of no contest to the charge of driving while intoxicated.

This court recently held in *Cuyahoga Falls* v. *Bowers* (1984), 9 Ohio St. 3d 148, 150, that pursuant to R.C. 2937.07, "* * * a no contest plea may not be the basis for a finding of guilty without an explanation of circumstances." This court has carefully reviewed the transcript in the instant case and is convinced that the requisites of an explanation were satisfied.

The parties, during a hearing before the court, orally stipulated that appellee was driving a tractor on the streets of Wauseon towing a number of people on a hayride, and, accordingly, that the tractor was not being used for agricultural business when it was involved in the accident.

The transcript further indicated that a "breathalyzer" (*sic* intoxilyzer) examination was administered and that appellee tested at "1.6" (*sic* .16) percent. The intoxilyzer test results were, contrary to the finding by the court of appeals, properly considered by the trial court, for appellee waived his right to have the test results suppressed by failing to make a timely objection.[3] See Crim. R. 12(B)(3) and (G), and this court's holding in *State* v. *Wade* (1978), 53 Ohio St. 2d 182 [7 O.O.3d 362]. See, also, *State* v. *James* (1980), 68 Ohio App. 2d 227 [22 O.O.3d 351]; *State* v. *Savage* (1980), 1 Ohio App. 3d 13. Further,

---

[2] It is acknowledged that the citation charged appellee with driving a "* * * motor vehicle (farm tractor)" while intoxicated. It is further acknowledged that, pursuant to Section 301.20 of the ordinances of Wauseon (see fn. 1, *supra*), a farm tractor does not constitute a motor vehicle. This court finds, however, that the use of the term "motor vehicle" does not negate the validity of the charge, for the inclusion in the citation of the words "farm tractor" clearly indicated to appellee the substance of the charge.

[3] Appellee's appellate counsel was not his trial counsel.

Section 333.01(c) of the ordinances of Wauseon contemplates that such test results are admissible by providing in pertinent part as follows:

"In any criminal prosecution for a violation of this section relating to driving *a vehicle* while under the influence of alcohol, *the court may admit evidence on the concentration of alcohol in the defendant's blood at the time of the alleged violation* as shown by chemical analysis of the defendant's blood, urine, breath or other bodily substance * * *." (Emphasis added.)

For the foregoing reasons, the judgment of the court of appeals is affirmed in part and reversed in part.

*Judgment affirmed in part*
*and reversed in part.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.