Argued and submitted July 21, affirmed in part, reversed in part and remanded October 8, reconsideration denied November 21, petition for review denied December 16, 1986 (302 Or 460)

## STATE OF OREGON,
*Appellant,*

*v.*

## MORRIS A. WOODRUFF,
*Respondent.*

(CR-5-0806-20; CA A38465)

726 P2d 396

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Thomas J. Crabtree, Bend, argued the cause for appellant. With him on the brief was Crabtree & Rahmsdorff, Bend.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Defendant was arrested for DUII while riding a bicycle on U.S. Highway 97. A breath test was administered. The trial court granted defendant's pretrial demurrer and motion to dismiss on the ground that bicyclists do not come under the DUII statute, *former* ORS 487.540.[1] The trial court also granted defendant's pretrial motion to suppress the results of the breath test on the ground that the Implied Consent Law, *former* ORS 487.805,[2] does not apply to bicyclists. The state appeals both orders. We reverse the order dismissing the complaint and affirm the suppression of the breath test results.

The state argues that *former* ORS 487.540, which prohibits driving under the influence of intoxicants, applies to bicyclists under *former* ORS 487.750:[3]

"(1)   Every person riding a bicycle upon a public way is subject to the provisions applicable to and has the same rights and duties as the driver of any other vehicle under this chapter and ORS Chapter 483, except:

"(a)   Those provisions which by their very nature can have no application.

"(b)   When otherwise specifically provided under this chapter or ORS Chapter 483.

"(2)   Subject to the provisions of subsection (1) of this section, a bicycle is a vehicle for purposes of this chapter and when the term 'vehicle' is used the term shall be deemed to be applicable to bicycles."

*Former* ORS 487.540 provides:

"(1)   A person commits the offense of driving while under the influence of intoxicants if the person drives a vehicle while the person:

---

[1] *Former* ORS 487.540 was repealed by Or Laws 1983, ch 338, § 978, and replaced by Or Laws 1982, ch 338, § 587, *as amended by* Or Laws 1985, ch 16, § 293 (now ORS 813.010), effective January 1, 1986. Or Laws 1983, ch 338, § 981.

[2] *Former* ORS 487.805 was repealed by Or Laws 1983, ch 338, § 978, and replaced by Or Laws 1983, ch 338, § 591 *as amended by* Or Laws 1985, ch 16, § 298 and Or Laws 1985, ch 672, § 19 (now ORS 813.100), effective January 1, 1986. Or Laws 1983, ch 338, § 981.

[3] *Former* ORS 487.750 was repealed by Or Laws 1983, ch 338, § 978, and replaced by Or Laws 1983, ch 338, § 697 *as amended by* Or Laws 1985, ch 16, § 335 (now ORS 814.400), effective January 1, 1986. Or Laws 1983, ch 338, § 981.

"(a)   Has .08 percent or more by weight of alcohol in the blood of the person as shown by chemical analysis of the breath or blood of the person made under ORS 487.805 to 487.835; or

"(b)   Is under the influence of intoxicating liquor or a controlled substance; or

"(c)   Is under the influence of intoxicating liquor and a controlled substance."

*Former* ORS 487.540 makes the driving of a vehicle under the influence of intoxicants a criminal act. *Former* ORS 487.750(2) plainly states that a bicycle is a "vehicle" for the purposes of chapter 487, subject to the two exceptions in subsection (1), neither of which applies here. The state argues that the DUII statute therefore applies to bicyclists. Defendant argues that it should not apply, because a person does not "drive" a bicycle.

■ ■   The term "driver" is defined in *former* ORS 487.005(5)[4] as "any person who is in actual physical control of a vehicle." The obvious inference drawn from the definition is that the word "drive," as used in chapter 487, means to control a vehicle physically. Because a bicycle is a "vehicle" under chapter 487, it follows that the legislature intended the words "the person drives a vehicle" in the DUII statute to include a person riding a bicycle. We therefore hold that the DUII statute applies to bicyclists and reverse the trial court order granting defendant's demurrer and motion for dismissal.

■   The state also seeks review of the suppression of the results of the breath test. The Implied Consent Law, by its terms, applies only to a person "who operates a *motor vehicle.*" *Former* ORS 487.805(1). (Emphasis supplied.) It thus has no application to a bicyclist. Finding no other basis for admissibility, we affirm the suppression of the results of the breath test.

Affirmed in part; reversed in part; and remanded.

---

[4] *Former* ORS 487.005(5) was repealed by Or Laws 1983, ch 338, § 978, effective January 1, 1986. Or Laws 1983, ch 338, § 981.