THE STATE OF OHIO, APPELLEE, *v.* HILDERBRAND, APPELLANT.

(No. 10028—Decided May 4, 1987.)

*Terry L. Lewis,* prosecuting attorney, for appellee.
*Bostick, Denny, Cox & Arntz* and *Larry J. Denny,* for appellant.

WOLFF, J. Dale A. Hilderbrand entered pleas of guilty to charges that he violated R.C. 4511.19(A)(1) and (A)(3). He was sentenced to six months' incarceration and fined $1000 and costs. All but three days of the jail sentence, and $850 of the fine, were suspended. His operator's license was suspended for sixty days. Upon the filing of a notice of appeal, imposition of sentence was suspended by the trial court.

This appeal is prompted by the unusual fact that Hilderbrand was riding a bicycle at the time in question.

For his first assignment of error, Hilderbrand, who was apparently uncounseled at the time he entered his guilty pleas, contends that the trial court erred in entering a judgment of conviction because the complaint failed to charge an offense.

We disagree. This assignment does not present a novel issue. The Hamilton County Court of Appeals was presented with the identical issue in *State* v. *Shepard* (1981), 1 Ohio App. 3d 104, 1 OBR 407, 439 N.E. 2d 920, *i.e.,* whether R.C. 4511.19 extends to a bicyclist. After examining various provisions of R.C. Chapter 4511, the court concluded that Shepard's conduct was embraced by R.C. 4511.19, and we so conclude as to Hilderbrand.

R.C. 4511.19(A) begins with the language, "[n]o person shall operate *any* vehicle * * *" (emphasis added). R.C. 4511.01 provides in part:

"As used in sections 4511.01 to 4511.80 and 4511.99 of the Revised Code:

"(A) 'Vehicle' means every device, including a motorized bicycle, in, upon, or by which any person or property may be transported or drawn upon a highway, except devices moved by power collected from overhead electric trolley wires, or used exclusively upon stationary rails or tracks, and except devices other than bicycles moved by human power."

We hold, as did the court in *Shepard,* that while R.C. 4511.01(A) is no paradigm of clarity, it does include bicycles in the definition of "vehicle."

Because the statute includes bicycles, Hilderbrand's arguments for exempting bicyclists from the operation of R.C. 4511.19, which arguments do not address the language of the statute, are irrelevant.

The first assignment is overruled.

For his second assignment of error, Hilderbrand asserts that "[t]he trial court erred in suspending appellant's operator's license as such sentence is not authorized by law where the conviction is based on the operation of a bicycle and not a motor vehicle."

The offenses occurred on June 28, 1986, and Hilderbrand's license was suspended pursuant to R.C. 4507.16 (B), which at that time provided:

"Except as otherwise provided in this section, the trial judge of any court of record, in addition to or independent of all other penalties provided by law or by ordinance, shall revoke the operator's or chauffeur's license or permit or nonresident operating privilege of any person who is convicted of or pleads guilty to a violation of section 4511.19 of the Revised Code or suspend the license, permit, or privilege as follows:

"(1) If the offender has not been convicted, within five years of the offense, of a violation of section 4511.19 of the Revised Code or of a municipal ordinance *relating to operating a motor vehicle* while under the influence of alcohol, a drug of abuse, or both, the court shall suspend the offender's operator's or chauffeur's license or permit or nonresident operating privilege for not less than sixty days nor more than three years." (Emphasis added.) (See 139 Ohio Laws, Part I, 927, 935, 936.)

Hilderbrand contends that the statute only permits the trial court to suspend a driver's license where the violation of R.C. 4511.19 involves a motor vehicle.

He puts great reliance on *Wauseon v. Badenhop* (1984), 9 Ohio St. 3d 152, 9 OBR 442, 459 N.E. 2d 867. That case involved a farm tractor which was specifically exempted from the definition of "motor vehicle" by R.C. 4501.01(B). In determining that the driver, Badenhop, was not subject to license suspension under R.C. 4507.16, the Supreme Court stated:

"In reaching this conclusion, this court is giving plain meaning to the language of the statutes. If the General Assembly intended that one found guilty of driving while intoxicated, even if that person is driving a tractor, be subject to license revocation or suspension, then it is incumbent upon the General Assembly to so provide." *Id.* at 154, 9 OBR at 443, 459 N.E. 2d at 869.

*Badenhop,* however, construed an earlier version of R.C. 4507.16:

"The trial judge of any court of record shall, in addition to, or independent of all other penalties provided by law or by ordinance, suspend for not less than thirty days nor more than three years or revoke the license of any person who is convicted of or pleads guilty to any of the following:

"* * *

"(B) Operating a *motor vehicle* while under the influence of alcohol or any drug of abuse[.]" (Emphasis added.) (See 137 Ohio Laws, Part II, 2763.)

This earlier version of R.C. 4507.16 clearly confined the trial court's license-suspending authority to driving-while-intoxicated ("DWI") convictions involving motor vehicles.

The version of R.C. 4507.16 applicable to Hilderbrand's conviction does not so clearly restrict the trial court's authority to motor vehicle situations.

R.C. 4507.16(B), as applicable to Hilderbrand, refers to convictions under R.C. 4511.19, without qualifica-

tion. Subparagraphs (1), (2), and (3), however, make the length of the authorized license suspension a function of the number of convictions, if any, the licensee has incurred, within five years of the present offense, "of a violation of section 4511.19 of the Revised Code or of a municipal ordinance relating to operating a motor vehicle while under the influence of alcohol * * *."

As we read this statutory language, "relating to operating a motor vehicle" refers to both R.C. 4511.19 violations and ordinance violations. In our opinion, if the length of the license suspension is a function of the number, if any, of convictions involving the operation of motor vehicles, then the authority, under the applicable version of R.C. 4507.16(B), to suspend a license for a conviction of an R.C. 4511.19 violation is limited to those convictions involving motor vehicles.

The state contends that the legislature has resolved the question of whether the R.C. 4507.16(B) license suspending authority extends to non-motor vehicle convictions in its latest revision of R.C. 4507.16(B):

"(B) Except as otherwise provided in this section, the trial judge of any court of record, in addition to or independent of all other penalties provided by law or by ordinance, shall revoke the operator's or chauffeur's license or permit or nonresident operating privilege of any person who is convicted of or pleads guilty to a violation of section 4511.19 of the Revised Code, of a municipal ordinance relating to operating a vehicle while under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse, or of a municipal ordinance relating to operating a vehicle with a prohibited concentration of alcohol in the blood, breath, or urine or suspend the license, permit, or privilege as follows:

"(1) If the offender has not been convicted, within five years of the offense and before or after March 16, 1983, of a violation of section 4511.19 of the Revised Code, of a municipal ordinance relating to operating a vehicle while under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse, of a municipal ordinance relating to operating a motor vehicle with a prohibited concentration of alcohol in the blood, breath, or urine, or of section 2903.06 or 2903.07 of the Revised Code or a municipal ordinance that is substantially similar to section 2903.07 of the Revised Code in a case in which the jury or judge found that the offender was under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse, the court shall suspend the offender's operator's or chauffeur's license or permit or nonresident operating privilege for not less than sixty days nor more than three years." (See 141 Ohio Laws, Part I, 558, 573-574.)

The state's contention is probably correct. In paragraph (B), the statute now refers to "vehicle" rather than "motor vehicle" in its reference to DWI violations of municipal ordinances. (Curiously, in subparagraphs [1], [2], and [3], "vehicle" replaces "motor vehicle" in the reference to DWI convictions under municipal ordinances, but "motor vehicle" is mentioned in the reference to *per se* convictions under municipal ordinances.)

Regardless of whether the state's position is correct, the latest revision of R.C. 4507.16 does not retroactively validate the trial court's suspension of Hilderbrand's license. Am. Sub. S.B. No. 262, which brought about this latest amendment, was effective March 20, 1987. Hilderbrand's transgression occurred on June 28, 1986. See R.C. 1.58(A)(1).

The second assignment of error is sustained.

The judgment of the Vandalia

Municipal Court will be reversed and the case will be remanded for the sole purpose of vacating the license suspension.

*Judgment accordingly.*

BROGAN and WILSON, JJ., concur.