## Commonwealth v. Sheriff

*Jonathan R. Birbeck, assistant district attorney,* for the Commonwealth.

*Ellen K. Barry,* for defendant.

SHEELY, *P.J.*, August 16, 1990 — On October 13, 1989 at 11:34 p.m., defendant, Kenneth A. Sheriff, while riding his bicycle in the Borough of New Cumberland, struck a vehicle parked on Bridge Street.

Lieutenant Beistline, who was in close proximity to the scene of the accident, observed the defendant urinating on himself. The officer also detected the odor of alcohol on the defendant's breath and observed that his speech was mumbled and slurred.

Patrolman Kauffman of the New Cumberland Police Department was then called to the scene where he noticed a plastic water bottle containing beer which was attached to the defendant's bicycle. Defendant, who was injured in the accident, was transported by ambulance to the Harrisburg Hospital for treatment. At the hospital, blood was taken from the defendant for medical purposes. The police were not involved in the decision to take blood.

Defendant was later charged with violating 75 Pa.C.S. §3731(a)(1) and (a)(4) of the Motor Vehicle Code. Officer Kauffman then subpoenaed the results of the defendant's blood tests. Defendant's blood alcohol content measured 0.28 percent.

A suppression hearing was held on April 6, 1990, at which time this court reserved judgment pending the filing of briefs and oral argument. The issues were presented in argument court on May 30, 1990.

This case presents interesting questions of law, some of which have not yet been considered by our appellate courts. The threshold issue which must be addressed first is whether the legislature contemplated the prosecution of bicyclists for operating bicycles on our public highways while under the influence of intoxicants.

## DISCUSSION

There are seven statutory provisions relevant to our analysis of this issue. Title 75 Pa.C.S. §3731(a)(1) makes it a misdemeanor of the second degree for any person to "drive, operate or be in actual physical control of the movement of any *vehicle* while . . . under the influence of alcohol to a degree which renders the person incapable of safe driving." (emphasis supplied) Section 3731(a)(4) makes it a misdemeanor of the second degree for any person to "drive, operate or be in actual physical control of the movement of any *vehicle* while . . . the amount of alcohol by weight in the blood of the person is .10 percent or greater."*

Section 1547, dealing with implied consent, states:

"Any person who drives, operates or is in actual physical control of the movement of a *motor vehicle* in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood. . . ." (emphasis supplied)

Section 102 of Title 75 defines vehicle as "Every device in, upon or by which any person or property is or may be transported or drawn upon a highway, except devices used exclusively upon rails or

---

* Defendant was charged with violating section 3731(a)(1) and section 3731(a)(4). A successful prosecution under section 3731(a)(4) would certainly entail the use of a chemical test. If chemical tests were not taken or were suppressed before trial, the Commonwealth could still proceed with prosecution under section 3731(a)(1). It is clear that these two provisions are independent bases for finding a violation. "[T]here is no requirement that the Commonwealth present evidence of an intoxilyzer test in order to sustain a conviction for driving under the influence." *Commonwealth v. Gamber,* 352 Pa. Super. 36, 45, 506 A.2d 1324, 1329 (1986).

tracks." A motor vehicle is defined in section 102 as "a vehicle which is self-propelled *except one which is propelled solely by human power* or by electric power obtained from overhead trolley wires, but not operated upon rails." (emphasis supplied) A pedalcycle, also defined in section 102, is "a vehicle propelled solely by human-powered pedals."

Finally, section 3501(a) provides:

"Every person riding a pedalcycle upon a roadway shall be granted all of the rights and shall be subject to all of the duties applicable to the driver of a vehicle by this title, except as to special provisions in this subchapter and except as to those provisions of this title which by their nature can have no application."

We must first decide whether a bicycle is a vehicle for purposes of our DUI statute. Because this question has not been answered by our courts, it may be helpful to briefly discuss how other state courts have resolved the problem.

Ohio's DUI statute prohibits the use of any "vehicle" while under the influence of intoxicants. The court in *State v. Shepard,* 1 Oh. App. 3d 104, 439 N.E.2d 920 (1981), held that "[t]he prohibitions . . . against operating a vehicle while under the influence of alcohol apply to persons operating bicycles while so influenced." 439 N.E.2d at 922. By so holding, the court incorporated a bicycle moved by human power into the definition of "vehicle" and declared that the legislature's intent was adequately expressed. *Id.* at 921.

In Florida, a person is guilty of DUI "if such person is driving or in actual physical control of a *vehicle. . . .*" Fla. Stat. §316.193 (1985). (emphasis supplied) Section 316.003(2) defines "vehicle," and is substantially the same as 75 Pa.C.S. §102. The court in *State v. Howard,* 510 So.2d 612 (Fla. Dist. Ct. App. 1987), held that a bicycle is a vehicle, and

therefore, the DUI statute is applicable to a person operating a bicycle while under the influence. *Id.* at 613. The court declared that its decision was also supported by a statute which provides that every person propelling a vehicle by human power has all the rights and duties applicable to a driver of "any other vehicle under this chapter. . . ." Fla. Stat. §316.2065(1) (1985). This provision is also very similar to 75 Pa.C.S. §3501(a).

Oregon's DUI statute makes the driving of a *"vehicle"* under the influence of intoxicants a criminal act. Or. Rev. Stat. §487.540 (repealed). The court in *State v. Woodruff,* 81 Or. App. 484, 726 P.2d 396 (1986), found that a bicycle plainly fits the definition of "vehicle" which is defined in Or. Rev. Stat. §487.750(2) (repealed). *Woodruff,* 726 P.2d at 397. The court held, therefore, that Oregon's DUI statute applied to bicyclists. *Id.*

Turning to the law of Pennsylvania, under 75 Pa.C.S. §3731, it is a crime only to drive or operate a *vehicle* while under the influence. The first step in our analysis must be to define "vehicle." Section 102 defines a vehicle as "Every device in, upon or by which any person or property is or may be transported or drawn upon a highway, except devices used exclusively upon rails or tracks." By its own terms, section 102 seems to incorporate a bicycle into its definition of vehicle. The definition of "pedalcycle" in section 102 also sheds some light on our inquiry. A pedalcycle is a "vehicle propelled solely by human-powered pedals." The defendant admits in his brief, and common sense dictates, that the terms pedalcycle and bicycle are the same, and can be used interchangeably.

The cases cited by the Commonwealth are inapposite to our inquiry into whether a bicycle is a vehicle, as all the cases are civil in nature. For instance, the Commonwealth cites *Olson v. Swain,*

162 Pa. Super. 101, 60 A.2d 548 (1948) for the proposition that "a bicycle is deemed a vehicle so far as its operation upon the public highways is concerned." *Id.* *Olson,* however, is a 1948 case based on a wrongful death suit; the issue being whether the deceased was contributorily negligent as a matter of law.

However, section 102 by its own terms defines pedalcycle as "a vehicle. . . ." Because a bicycle is defined as a vehicle, we are drawn to the conclusion that a drunken bicyclist can be prosecuted under section 3731.

Our conclusion is supported by 75 Pa.C.S. §3501(a) which reads:

*"General rule* — Every person riding a pedalcycle upon a roadway shall be granted all of the rights and shall be subject to all of the duties applicable to the driver of a vehicle by this title, except as to special provisions in this subchapter and except as to those provisions of this title which by their nature can have no application."

It is clear that the bicyclist is, and should be, subject to the same duties as the automobile driver. The drunken bicyclist poses a danger to both himself and others who use the roads. A bicycle is certainly capable of making quick maneuvers and swerving into oncoming traffic, causing motorists to take instant evasive action. The problem is illustrated by this case: The defendant collided with a parked car. Had there been any appreciable traffic on the road, the defendant's actions could have caused serious damage and injuries to others.

Summarizing, we find that a bicycle is a "vehicle," and an intoxicated bicyclist is therefore subject to prosecution for driving under the influence as provided for in 75 Pa.C.S. §3731.

## SUPPRESSION MOTION

Having determined that an intoxicated bicyclist can be prosecuted under section 3731, this court must now consider defendant's motion to suppress the results of the blood test. We find that these results are inadmissible as evidence and therefore grant defendant's motion to suppress.

Title 75 Pa.C.S. §1547 is entitled, "Chemical testing to determine amount of alcohol or controlled substance." Section 1547(a) states the general rule:

"Any person who drives, operates or is in actual physical control of the movement of a *motor vehicle* in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood, or urine for the purpose of determining the alcoholic content of blood. . . ." (emphasis supplied)

Section 1547(a), because it applies to motor vehicles, seems to conflict with section 3731, which applies to vehicles. Section 1547(a), however, is not ambiguous. When construing a statute, 1 Pa.C.S. §1921(b) mandates that "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." It is therefore clear that only when a *motor vehicle* is involved does one consent to tests of breath, blood or urine. It is equally clear that a bicycle does not fit the definition of motor vehicle provided in section 102.

Section 1547(c) makes no mention whether a motor vehicle must be involved or whether a vehicle is sufficient for the admissibility of test results. Section 1547(c) reads:

"*Test results admissible in evidence* — In any summary proceeding or criminal proceeding in which the defendant is charged with a violation of section 3731 or any other violation of this title

arising out of the same action, the amount of alcohol or controlled substance in the defendant's blood, as shown by chemical testing of the person's breath, blood or urine, which tests were conducted by qualified persons using approved equipment, shall be admissible in evidence."

The general rule as stated in section 1547(a) is that only operators of *motor vehicles* implicitly consent to chemical tests, while section 1547(c) states that test results are admissible in the prosecution of a violation of section 3731. Section 3731 applies to "vehicles," and as stated earlier, a bicycle is a vehicle.

We are of the opinion that the legislature intended the general rule to prevail. The implied consent law only applies to operators of motor vehicles, and as such is not applicable to the operator of a bicycle. If the general rule of section 1547(a) does not apply, then section 1547(c) also cannot apply to the bicyclist, and the evidence is therefore inadmissible.

We note that at least one other state court has ruled the same way. In *State v. Woodruff*, 81 Or. App. 484, 726 P.2d 396 (1986), the Oregon Court of Appeals affirmed the trial court's determination that the results of a bicyclist's breath test should be suppressed. The court held that the implied consent law "by its terms, applies only to a person 'who operates a *motor vehicle.*' It thus has no application to a bicyclist." 726 P.2d at 397-8. (citation omitted)

Our decision is further supported by 75 Pa.C.S. §3755(a), entitled "Reports by emergency room personnel." It states:

"*General rule* — If as a result of a *motor vehicle* accident, the person who drove, operated or was in actual physical control of the movement of any involved *motor vehicle* requires medical treatment in an emergency room of a hospital and if probable

cause exists to believe a violation of section 3731 . . . was involved, the emergency room physician or his designee shall promptly take blood samples from those persons. . . . Test results shall be released upon request of the person tested, his attorney, his physician or governmental officials or agencies." (emphasis supplied)

By the plain meaning of the statute, it is restricted to motor vehicle accidents and applies only to the person who was in control of the movement "of any motor vehicle. . . ." Section 3755 is therefore not applicable.

Because 75 Pa.C.S. §1547 is not applicable to bicyclists, the results of defendant's blood test should not be admissible as evidence.

## ORDER OF COURT

And now, August 16, 1990, defendant's request for dismissal of charges is denied. Defendant's request for suppression of the results of blood tests is granted.