**The STATE of Ohio (City of Portsmouth)**

**v.**

**EUTON.**

Portsmouth Municipal Court.

No. TRC9509919.

Decided April 1, 1996.

*Mark Kuhn,* City Prosecutor, for plaintiff.

*Michael H. Mearan,* for defendant.

---

HOWARD H. HARCHA III, Judge.

This matter comes before the court on the defendant's motion to dismiss. On December 2, 1995, the defendant, Brian R. Euton, was charged with operating a horse on a roadway while under the influence of alcohol and/or drugs of abuse in violation of R.C. 4511.19(A)(1) and 4511.19(A)(2). The defendant was charged as a result of a traffic accident on a public highway between the defendant's horse and an automobile.

R.C. 4511.19(A) provides that:

"(A) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if any of the following apply:

"(1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse;

"(2) The person has a concentration of ten-hundreths of one per cent or more by weight of alcohol in his blood[.]"

R.C. 4511.01(A) defines "vehicle" as "every device, including a motorized bicycle, in, upon, or by which any person or property may be transported or drawn upon a highway, except motorized wheelchairs, devices moved by power collected from overhead electric trolley wires, or used exclusively upon stationary rails or tracks, and devices other than bicycles moved by human power."

Several Ohio cases have held that a bicycle and farm tractor fall within the definition of "vehicle." *State v. Shepard* (1981), 1 Ohio App.3d 104, 1 OBR 407, 439 N.E.2d 920 (bicycle); *Wauseon v. Badenhop* (1984), 9 Ohio St.3d 152, 9 OBR 442, 459 N.E.2d 867 (farm tractor). However, this court finds no case dealing with the issue of whether a horse would constitute a vehicle for purposes of R.C. 4511.19. Several foreign jurisdictions have had similar cases and are divided on the issue. *State v. Blowers* (Utah 1986), 717 P.2d 1321, 71 A.L.R.4th 1121; *State v. Dellinger* (1985), 73 N.C.App. 685, 327 S.E.2d 609.

In Ohio, this issue is further complicated by R.C. 4511.05, which provides that "[e]very person riding, driving, or leading an animal upon a roadway is subject to sections 4511.01 to 4511.78, inclusive, 4511.99, and 4513.01 to 4513.37, inclusive, of the Revised Code, applicable to the driver of the vehicle, except those provisions of such sections which by their nature are inapplicable."

This statute has been interpreted to give the rider of a horse the same right of way in an intersection as an operator of a motor vehicle. *Houser v. Humbel* (1945), 79 Ohio App. 122, 34 O.O. 486, 72 N.E.2d 590. No other cases have applied R.C. 4511.05 to any other provisions of the Traffic Code.

It is quite clear that a criminal statute must give persons of ordinary intelligence fair notice of the conduct it prohibits. *Osborne v. Ohio* (1990), 495 U.S. 103, 110 S.Ct. 1691, 109 L.Ed.2d 98. The statute must also provide explicit standards to those who enforce such laws so as to avoid resolution on a subjective or arbitrary basis. *State v. Collier* (1991), 62 Ohio St.3d 267, 581 N.E.2d 552. A statute that does not meet these tests violates an individual's right of due process. *Connally v. Gen. Constr. Co.* (1926), 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322; *State v. Collier, supra.*

These statutes do not inform an individual of normal intelligence that riding a horse while under the influence of alcohol would violate R.C. 4511.19. R.C. 4511.19 is penal in nature and must be construed strictly against the state.

This court finds that an individual riding a horse while under the influence of alcohol does not violate R.C. 4511.19. It is therefore ORDERED that this case be dismissed.

*Case dismissed.*