DECISION AND JUDGMENT ENTRY
 Opinion
This is an appeal from a judgment entered by the Hocking County Municipal Court, wherein that court found appellant, Brent Russell, guilty of operating a vehicle while intoxicated, a violation of R.C.4511.19 (A).[1]
On January 23, 1999, Logan City Police arrested the appellant and charged him with riding his bicycle on a public street while intoxicated. On March 5, 1999, appellant moved to dismiss this charge, contending that a bicycle is not a "vehicle" for the purposes of R.C. 4511.19 (A); and that the related definition statute, R.C. 4511.01 (A), is unconstitutionally void for vagueness, and is overbroad. The court overruled this motion. Appellant entered a plea of no contest, and the court found him guilty of the charge. This timely appeal followed.
Appellant raises a single assignment of error:
 THE TRIAL COURT ABUSED ITS DISCRETION, ERRED AS A MATTER OF LAW AND DEPRIVED THE APPELLANT OF HIS CONSTITUTIONAL RIGHT OF DUE PROCESS UNDER ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WHEN FAILING TO DISMISS CHARGES OF OMVI ON THE GROUNDS THAT A BICYCLE IS NOT WITHIN THE DEFINITION OF VECHICLE IN R.C. § 4511.01 (A) AND THAT SAID DEFINITION IS UNCONSTITUTIONALLY VOID FOR VAGUENESS AND/OR OVERBREADTH BOTH FACIALLY AND/OR IN ITS APPLICATION TO APPELLANT IN THE CASE, SUB JUDICE.
We find the three arguments raised in appellant's assignment of error to be without merit. Accordingly, the judgment of the trial court is affirmed.
 I
Appellant presents three questions for our consideration in his single assignment of error.
 1. Is a "bicycle" included within the definition of "vehicle" in R.C. 4511.01 (A)?
2. If so, is this statute unconstitutionally vague, or,
3. Is this statute unconstitutionally overbroad?
Our first task is to examine R.C. 4511.01 (A). Appellee refers us toState v. Shepard (1981), 1 Ohio App.3d 104, 439 N.E.2d 920; State v.Hilderhrand (1987), 40 Ohio App.3d 42, 531 N.E.2d 775; and State v.Vest (Nov. 4, 1988), Ross App. No. 1403, unreported. Appellant urges us to revisit our position in Vest, based on his constitutional arguments.
In Shepherd, Hilderbrand and Vest, three different appellate courts discussed this same issue and all three concluded that, for the purposes of R.C. 4511.01 (A), a bicycle is a "vehicle."
Appellant argues that because division (A) of 4511.01 specifically defines a motorized bicycle, the definition of a "vehicle" excludes bicycles without motors. However, the only forms of transport specifically excluded from the definition of vehicle are "motorized wheelchairs, devices moved by power collected from overhead electric trolley wires, or used exclusively upon stationary rails or tracks, and devices other than bicycles moved by human power." More to the point, the definitions following the general description of "vehicles" at 4511.01 (A) elaborate on different types of "vehicles," including at (G), a definition of a bicycle:
 "Bicycle" means every device, other than a tricycle designed solely for use as a play vehicle by a child, propelled solely by human power upon which any person may ride having either two tandem wheels, or one wheel in the front and two wheels in the rear, any of which is more than fourteen inches in diameter.
The city charged the appellant with a violation of R.C. 4511.19. Appellant contends that since this statute is commonly known as "OMVI" or Operating a Motor Vehicle while Intoxicated, he cannot be charged with operating a non-motorized vehicle while intoxicated. We disagree.
The statute, R.C. 4511.19 (A), provides that "no person shall operate any vehicle, streetcar, or trackless trolley within this state," if that person is under the influence of alcohol. The statute does not refer to "motor vehicle" although that term is separately defined at R.C. 4501.01
(B). The statute specifically includes streetcars and trackless trolleys, although R.C. 4501.01 (A) specifically excludes these conveyances from the overall definition of vehicle." Nowhere in the statute is there a reference to operating a "motor vehicle." While both of the commonly available published versions of the Revised Code caption this statute as "Driving Under the Influence," such captions were not part of the original act that created the statute. Hence, they are not part of the substantive law.
Operation of a bicycle while intoxicated can create as severe a hazard to the public as the operation of a motor vehicle. See the Fifth Appellate District case of State v. Loudon (July 1, 1996), Stark App. No. 1995 CA 00315, unreported, where a westbound, highly intoxicated bicyclist forced eastbound police officers to take evasive action to avoid a collision. "The clear intent of the statute is that if a person is under the influence of alcohol or drugs, he or she should not be in a position of control of a vehicle — any vehicle, in any location."State v. Moran (May 27, 1998), Wayne App. No. 97CA0044, unreported, referring to the operation of a snowmobile on private property. The Supreme Court of Ohio found R.C. 4511.19 to be constitutional in State v.Tanner (1984), 15 Ohio St.3d 1, 472 N.E.2d 689, syllabus.
We once again conclude that R.C. 4511.01 (A) and (G) clearly include a bicycle in the definition of "vehicle," for the purposes of R.C. 4511.19
(A), as we previously determined in State v. Vest, supra.
 II
Appellant argues that we should find R.C. 4511.01 void for vagueness. Since this is a definitional statute, we understand his argument to be that the application of R.C. 4511.01 to R.C. 4511.19 (A) is unconstitutionally vague. A statute is not void for vagueness solely because of imprecise draftsmanship by the General Assembly. State v.Dorso (1983), 4 Ohio St.3d 60, 446 N.E.2d 449. There is a strong presumption that such statutes are constitutional. State v. Anderson
(1991), 57 Ohio St.3d 168, 566 N.E.2d 1224, certiorari denied (1991),501 U.S. 1257, 111 S.Ct. 2904, 115 L.Ed.2d 1067. If a statute specifies no standard of conduct and is vague in all its applications, then it is unconstitutional for vagueness. See Village of Hoffman Estates v. TheFlipside, Hoffman Estates, Inc. (1982), 455 U.S. 489, 102 S.Ct. 1186,71 L.Ed.2d 362; State v. Anderson, supra. There is no ambiguity in the legislature's use of the term "operate" in reference to operation of a motor vehicle while intoxicated, as prohibited by R.C. 4511.19 (A). SeeState v. Lewis (Mar. 4, 1999) Union App. No. 14-98-45, unreported.
As a corollary, "one to whose conduct a statute clearly applies may not successfully challenge it for vagueness." Parker v. Levy (1974),417 U.S. 733, 756, 94 S.Ct. 2547, 2562, 41 L.Ed.2d 439, 457-45 8. The vagueness doctrine, which is based on the due process clause of theFourteenth Amendment, requires a statute to give "fair notice of offending conduct." A statute is void for vagueness if it "fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute." Papachristou v. Jacksonville
(1972), 405 U.S. 156, 162, 92 S.Ct. 839, 843, 31 L.Ed.2d 110, 115. The void-for vagueness doctrine requires "that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." See Kolender v.Lawson (1983), 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903,909.
The application of R.C. 4511.01 to 4511.19 (A) satisfies this test. Ordinary people can understand that operating a bicycle while intoxicated, especially on public roads, is clearly prohibited conduct. This assignment of error is, therefore, overruled.
 III
The "overbreadth" doctrine may only apply here if we find that R.C.4511.19 "prohibits constitutionally protected conduct." An overbroad statute "sweeps within its prohibitions what may not be punished under the First and Fourteenth Amendments." Akron v. Rowland (1993),67 Ohio St.3d 374, 387, 618 N.E.2d 138, 148, quoting Grayned v. City ofRockford (1972), 408 U.S. 104, 115, 92 S.Ct. 2294, 2302, 33 L.Ed.2d 222,231. To be unconstitutional, overbreadth must be "substantial" and must appear on the face of the statute. Akron v. Rowland, quoting Houston v.Hill (1987), 482 U.S. 451, 458, 107 S.Ct. 2502, 2508, 96 L.Ed.2d 398,410. Where a statute is susceptible of a narrow construction, we must apply that narrow construction rather than find the statute facially overbroad. See Gooding v. Wilson (1972), 405 U.S. 518, 92 S.Ct. 1103,31 L.Ed.2d 408.
A statute is overbroad "when the scope of the statute is so broad that it includes activity which would otherwise be legal." SouthEuclid v. Richardson (1990), 49 Ohio St.3d 147, 151, 551 N.E.2d 606,609. "A clear and precise enactment may nevertheless be "overbroad" if in its reach it prohibits constitutionally protected conduct."Grayned at 114.
Appellant fails to explain what aspect of his conduct would otherwise be legal, or constitutionally protected from the operation of R.C. 4511.01
and 4511.19. Nor does appellant demonstrate how application of these statutes impinges upon his rights under the Fourteenth Amendment. More on point, it is not apparent that either statute restricts appellant'sFirst Amendment rights. Appellant argues a Fifth Amendment violation. At least one line of cases indicates we may not consider the overbreadth doctrine outside the limited First Amendment context. See, e.g., State v.Whit (Mar. 28, 1997), Marion App. No. 9-96-66, unreported; State v.Collier (1991), 62 Ohio St.3d 267, 272, 581 N.E.2d 552, 555. Both citeSchall v. Martin (1984), 467 U.S. 253, 269, 104 S.Ct. 2403, 2412,81 L.Ed.2d 207, 220, to conclude that the doctrine may not be applied to criminal statutes.
We find that R.C. 4511.01, as applied to R.C. 4511.19 (A), is susceptible to a narrow interpretation while still encompassing prohibited activity such as appellant's operation of a bicycle while intoxicated. We find no constitutionally protected activity infringed upon by the operation of these statutes. We, therefore, reject appellant's contention that the statute is overbroad.
Appellant's sole assignment of error is OVERRULED. Finding no error in the judgment of the Hocking County Municipal Court, that judgment is AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Hocking County Municipal Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court of this Court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall earlier terminate if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J., and Kline, P.J.: Concur in Judgment and Opinion.
 _____________________ David T. Evans, Judge
[1] Appellant was actually charged with violating Logan Codified Ordinance 73.O1 (A)(1). The parties stipulated in the trial court that the ordinance is equivalent to R.C. 4511.19. For purposes of clarity, we shall refer to R.C. 4511.19 throughout the opinion.