Submitted October 29, affirmed December 8, 2010

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

FRANKLIN DAVID ABBEY,
*Defendant-Appellant.*

Deschutes County Circuit Court
MI082045; A141099

245 P3d 152

Peter Gartlan, Chief Defender, and Carolyn Bys, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Joanna L. Jenkins, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.

HASELTON, P. J.

**HASELTON, P. J.**

Defendant, who pleaded guilty to driving under the influence of intoxicants (DUII) for riding a bicycle while intoxicated, ORS 813.010, appeals, assigning error to the trial court's revocation of his driving privileges pursuant to ORS 809.235(1)(b), the "three strikes" revocation statute. On appeal, defendant raises statutory and constitutional challenges to the use of a *bicycling*-related DUII as a basis for revocation of *driving* privileges. We review the trial court's decision for legal error. *See State v. Vazquez-Escobar*, 211 Or App 115, 117, 153 P3d 168, *rev den*, 343 Or 224 (2007). As amplified below, we reject defendant's statutory arguments and his challenge based on Article I, section 20, of the Oregon Constitution and reject defendant's other constitutional contentions without discussion. Accordingly, we affirm.

The relevant facts are undisputed. Defendant pleaded guilty and was convicted of DUII for riding a bicycle while intoxicated on August 2, 2008. *See State v. Woodruff*, 81 Or App 484, 487, 726 P2d 396, *rev den*, 302 Or 460 (1986) (holding that the DUII statute applies to bicyclists). Defendant had two prior convictions for DUII, both involving motor vehicles, from 1993 and 1998.

At sentencing, the state sought permanent revocation of defendant's driving privileges under ORS 809.235(1)(b), which provides that a "court shall order that a person's driving privileges be permanently revoked * * * if the person is convicted for a third or subsequent time of * * * [d]riving while under the influence of intoxicants."[1] In response, defendant first contended that, as a statutory matter, a bicycling-based DUII conviction could not count for one of the three requisite convictions for permanent revocation under ORS 809.235(1)(b). That is so, defendant posited, because ORS 809.235(1)(b) pertains to loss of *driving* privileges and a driver's license is not required to operate a bicycle. Thus, defendant asserted, invoking ORS 814.400(1)(a),

---

[1] ORS 809.235 was amended in 2009. *See* Or Laws 2009, ch 320, §§ 1, 3. Those amendments did not alter the language of subsection (1)(b) of that statute and have no bearing on the matters at issue in this case.

ORS 809.235(1)(b) "by [its] very nature can have no application" to him.[2]

Defendant also raised a variety of constitutional challenges. Specifically, defendant contended that permanent revocation of his driving privileges, based on a bicycle DUII, was disproportionate punishment under Article I, section 16, of the Oregon Constitution and the Eighth Amendment to the United States Constitution, and violated the equal privileges and immunities guarantees of Article I, section 20, and the Equal Protection Clause of the federal Fourteenth Amendment.

The trial court rejected each of defendant's arguments and permanently revoked his driving privileges. On appeal, defendant assigns error to the permanent revocation, renewing the arguments he raised before the trial court.[3]

■    We begin with the applicable statutes. As noted, ORS 813.010, the statute that defines the offense of DUII, applies to bicyclists pursuant to ORS 814.400. *Woodruff*, 81 Or App at 487. The revocation statute, ORS 809.235(1)(b), provides, in pertinent part:

> "The court shall order that a person's driving privileges be permanently revoked * * * if the person is convicted for a third or subsequent time of * * *:
>
> "(A)   Driving while under the influence of intoxicants in violation of:
>
> "(i)   ORS 813.010[.]"

Thus, in plain and unqualified terms, ORS 809.235(1)(b) provides that a trial court shall revoke the driving privileges of a person who has three or more convictions for DUII. Nothing in ORS 809.235(1)(b) limits its reach solely to persons with three or more DUII offenses committed while operating motor vehicles—and nothing in the plain statutory text

---

[2] The pertinent portions of ORS 809.235(1)(b) and ORS 814.400(1)(a) are set out below. 239 Or App at 309-10.

[3] Defendant also made an argument under Article I, section 15, of the Oregon Constitution to the trial court, which he does not reiterate on appeal.

exempts individuals whose DUII convictions arose from operating bicycles while intoxicated.

■ Defendant argues, nevertheless, that ORS 814.400 qualifies the application of ORS 809.235(1)(b) "[b]ecause a driver's license is not required to operate a bicycle." ORS 814.400 provides, in part:

"(1) Every person riding a bicycle upon a public way is subject to the provisions applicable to and has the same rights and duties as the driver of any other vehicle concerning operating on highways * * * except:

"(a) *Those provisions which by their very nature can have no application.*"

(Emphasis added.) Specifically invoking ORS 814.400, defendant asserts that the provisions pertaining to revocation of driving privileges "by their very nature can have no application" to offenses committed while operating a bicycle. As support for that view, defendant relies on *Woodruff*, in which we held that the vehicle code's implied consent law, *former* ORS 487.805(1) (1981),[4] does not apply to persons who were stopped for DUII while on bicycles. *See id.* at 487.

Defendant's reliance on *Woodruff* is misplaced. In *Woodruff*, we held that the implied consent law has no application to bicycles under a former version of ORS 814.400 because, "by its terms," the law applies "only to a person 'who operates a *motor vehicle.*'" *Id.* (quoting *former* ORS 487.805(1) (1981), the antecedent to ORS 813.100) (emphasis in *Woodruff*). Thus, in *Woodruff*, we held that the implied consent law does not apply to bicyclists because the statutory language of that law limited its scope to people operating motor vehicles. In contrast, here, as noted, the statutory language of 809.235(1)(b) contains no such limitation.

■ We turn to defendant's constitutional challenge under Article I, section 20.[5] Article I, section 20, guarantees

---

[4] *Former* ORS 487.805 was repealed by Oregon Laws 1983, chapter 338, section 978, and replaced by Oregon Laws 1983, chapter 338, section 591, which, as amended, is codified at ORS 813.100. *See Woodruff*, 81 Or App at 486 n 2.

[5] Article I, section 20, provides:

"No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

equal privileges to "any citizen" and to those citizens who belong to a "class." *State v. Clark*, 291 Or 231, 239, 630 P2d 810, *cert den*, 454 US 1084 (1981). Defendant contends that application of ORS 809.235(1)(b) denies him equal privileges both as an individual and as a member of a class.

Defendant's challenge based on his "individual situation," *Clark*, 291 Or at 239, fails. Under Article I, section 20,

> "[u]nlawful individual-based denial (or conferral) of a privilege or immunity occurs when government engages in 'wholly standardless application of a general law,' [*Clark*, 291 Or at 239], that is, when government distributes privileges or immunities 'purely haphazardly or otherwise on terms that have no satisfactory explanation.' *State v. Edmonson*, 291 Or 251, 254, 630 P2d 822 (1981)."

*State v. Davis*, 237 Or App 351, 366-67, 239 P3d 1002 (2010) (Schuman, J., concurring in part and dissenting in part). Here, defendant has not demonstrated that the state has failed to apply ORS 809.235 to other similarly situated individuals—*viz.*, persons with two prior DUII convictions, including persons with prior bicycling DUII convictions— much less that any such (unproven) purported difference in treatment was "wholly standardless" or "haphazard."

■ Defendant also contends that application of ORS 809.235(1)(b) denies him equal privileges under Article I, section 20, as a member of a "true class of individuals that operate non-motorized vehicles on public highways." According to defendant, "[s]ubjecting operators of motorized vehicles and non-motorized vehicles to the same *permanent* driver's license revocation treats those classes disparately because only one of those classes [*viz.*, operators of motor vehicles] actually involves conduct related to possessing a driver's license." (Emphasis in original.)

Defendant's "class"-based challenge is also unavailing. To succeed, defendant would have to demonstrate that (1) the class that he claims is subjected to adverse government action is truly a class (for example, Italian-Americans), and not simply a group that would have no class identity except for the challenged law (for example, persons who file late petitions for review); (2) the class is one that " 'is based

on *immutable* traits or traits on the basis of which class members are subjected to adverse social or political stereotyping or prejudice,' " *Advanced Drainage Systems, Inc. v. City of Portland*, 214 Or App 534, 540, 166 P3d 580 (2007) (quoting *Cox v. State of Oregon*, 191 Or App 1, 9, 80 P3d 514 (2003) (Schuman, J., concurring)) (emphasis added); and (3) the discrimination is, in fact, based on stereotype or prejudice and not some rational basis. Although "bicyclists" may be a true class—that is, the group exists apart from the laws that treat bicyclists differently from motorists or pedestrians—it cannot be argued that persons are bicyclists because of some immutable trait or historical prejudice or stereotyping.

Affirmed.